State of Minnesota v. Milner.

STATE OF MINNESOTA

*vs.*

ISAAC MILNER.

The case of *Wood vs. Myrick, Adm. &c.*, 9 *Minn.*, 149, followed, and applied to this case.

Certain facts, stated as a ground for allowing a common law *certiorari* after the time for an appeal had passed, considered and determined insufficient.

Motion to quash a writ of *certiorari*, issued upon the petition of the defendant, to the city justice of the city of St. Cloud, and in obedience to which the said city justice had made a return to this court of all the proceedings before him in this case.

The facts alleged in the petition for the writ, and the points upon which the motion was decided, are fully stated in the opinion of the court.

CHARLES D. KERR, for the motion.

BRISBIN & PALMER, opposed.

*By the Court*—McMILLAN, J.—This action is brought to this court upon a writ of certiorari to the city justice of the city of St. Cloud, to review the proceedings in an action before said justice against the relator, for the violation of a city ordinance of said city, in peddling and selling goods and merchandise in said city without a license therefor, which resulted in a conviction of the defendant, upon which judgment was duly entered on the 15th day of June, 1870.

The attorney for the state interposes a preliminary objection to quash the writ.

There is no statutory provision for this writ. If it is to be sustained at all, it must be under the constitutional powers of this court to issue the common law certiorari. *Minnesota Central R. R. Co. vs. McNamara*, 13 *Minn.*, 508.

In *Wood vs. Myrick*, 9 *Minn.*, 149, Mr. Justice Flandrau, delivering the opinion of the court, says: "Although cases might arise in which this court would review the decisions of other courts by means of a common law writ of certiorari after the expiration of the time prescribed by statute for appealing them, such cases would be exceptional, and some good reason would have to be shown why the ordinary manner was not resorted to."

The principle here enunciated has never been changed, and meets our entire approbation. In the case at bar, ample provision existed for a review of the proceedings before the city justice, by an appeal, on the part of this relator, to the

district court, which would have secured to him all his rights. *Special Laws* 1868, *pp.* 156–7, *sec.* 10. *Gen. Laws* 1867, *p.* 127, amending *General Statutes*, *ch.* 65, *sec.* 149.

The only grounds, beside the alleged illegality in the proceedings, stated in the petition for the allowance of the writ, are that the petitioner "is a resident of St. Paul, Minnesota, is poor, and dependent on his said business of selling goods, wares and merchandise in the different towns and cities of said state for a livelihood. That it is essential not only to his own interest, but to the interests of the public generally, that the questions involved in the action aforesaid be speedily settled by your supreme court. That to pursue the remedy of appeal to the district court of Stearns county, in this case, would be productive of great and vexatious delay and expense, and would subject your petitioner to the penalty of said ordinance and similar ordinances in other villages and cities of said state, or the payment of heavy license fees illegally, as your petitioner believes and charges, exacted. That no trial could be had upon appeal to said district court before the middle of December, 1870, and no hearing upon appeal from said district court could be had prior to the July Term, 1871."

These statements may be resolved into one general ground for granting this writ, namely, that it is essential, not only to the interests of the relator, but of the public generally, that the questions involved in this action be speedily settled by the supreme court.

The questions in the case arise under a city ordinance of St. Cloud, and so far as we discern, the case does not *necessarily* involve the determination of any question of general interest or importance, but may be determined upon questions peculiar to the existing charter or ordinance of St. Cloud, or perhaps one of them, which could be remedied

without affecting any important principle.   It does not appear, from any facts stated, that any important business interests of the public are to be affected by this case; it is not stated except perhaps inferentially that any similar ordinance exists in the state.   It does appear that, by an appeal to the district court, the remedy provided by the statute, the relator could have had his rights determined in the district court in December, 1870, which determination would, doubtless, have been right; nor does it appear that this appeal has not been taken.   We are unable to discern any reason why this case should be distinguished from others.  We are of opinion therefore that the facts stated in the petition do not sustain the writ.   The motion to quash the writ is granted.