STATE OF MINNESOTA *ex rel.* I. B. Spencer and others *vs.* MARTIN J. SEVERANCE.

July 8, 1882.

**Final Order under the Insolvency Act of 1881 is Appealable.**—The proceeding under Laws 1881, *c.* 148, § 2, for the appointment of a receiver and the equal distribution of the assets of an insolvent debtor, is in the nature of a judicial investigation, and is a special proceeding. A final order directing such receiver to distribute the proceeds of the estate of the insolvent equally among all his creditors, and setting aside the liens of attaching and execution creditors, is appealable, under Gen. St. 1878, *c.* 86, § 8, subd. 6.

*Certiorari.* The relators, being creditors of one Francis J. Pierce, brought suit against him in the district court for Blue Earth county, and on November 21, 1881, attached his stock of goods. On December 9, 1881, certain other creditors of Pierce, whose claims aggregated more than $200, petitioned the respondent, as judge of the district court for that county, for the appointment of a receiver of Pierce's estate and the equal distribution of the same among all his creditors, under Laws 1881, *c.* 148. On the hearing, on December 24, 1881, relators appeared specially and moved to dismiss the petition, which was denied, and in January, 1882, a receiver was appointed by the court, and the sheriff ordered to turn over to him all the property of Pierce levied upon by him. On April 18, 1882, respondent made an order setting aside relators' executions and levies, and directing the receiver to take and distribute all of Pierce's estate for the benefit of all his creditors. Relators thereupon sued out a writ of *certiorari* from this court. The respondent, on the return of the writ, moved to dismiss.

*Pitcher & Willard,* for relators.

*Thomas & Washburne,* for respondent.

VANDERBURGH, J.   Upon the return of the writ of *certiorari,* issued out of this court in this matter, the counsel for certain creditors, on whose application a receiver was appointed, move to dismiss the writ, upon the ground that the law afforded an adequate remedy by appeal.   Prior to the appointment of the receiver, the execution creditors who have sued out this writ had brought suit against the alleged insolvent, and caused his property to be attached therein. The receiver was appointed under and in pursuance of the provisions of Laws 1881, *c.* 148, § 2, and was ordered to take possession of all the property of the insolvent not exempt, including the property attached, and to distribute the proceeds for the equal benefit of all creditors.   Judgments having been entered in the attachment suits, and executions issued, pending the insolvency proceedings, the sheriff of Blue Earth county, in which all the proceedings were instituted, was ordered to turn over the property levied on to the receiver, and the proceedings of the latter officer were stayed until further order of the court in relation to the relative rights of the execution and general creditors.   And thereafter the court, having heard the parties in interest, made a final order annulling the preferences and priority claimed by the execution creditors, and directing the receiver to proceed and apply and distribute the estate in his hands as provided by the statute.

This is a proceeding in insolvency, and is in the nature of a judicial investigation.   *Baldwin* v. *Hale,* 1 Wall. 223.   Though before the judge, (in term or vacation,) it is a proceeding in the district court, and the records thereof should properly be filed with the clerk. *Clark* v. *Stanton,* 24 Minn. 232.   It may properly be denominated a "special proceeding."   *Erie Ry. Co.* v. *Ramsey,* 45 N. Y. 637; *Smith* v. *Smith,* 6 Lans. 313; *Minnesota Valley R. Co.* v. *Doran,* 15 Minn. 230; *Warren* v. *First Div. St. Paul & Pac. R. Co.,* 18 Minn. 384; *Andrews* v. *Town of Marion,* 23 Minn. 372.   Statutes conferring a right of appeal are remedial, and liberally construed in furtherance of justice.   Potter's Dwarris on Statutes, 231; *Pearson* v. *Lovejoy,* 53 Barb. 407.

We think that the order for the final distribution of the insolvent estate above described was a final order, affecting a substantial right, in a special proceeding, and appealable, under Gen. St. 1878, c. 86, § 8, subd. 6. The motion to dismiss the writ should therefore be granted. *State* v *Milner*, 16 Minn. 55.

Writ dismissed.