FAYETTE BROWN, Receiver, *vs.* MINNESOTA THRESHER MANUFACTURING
COMPANY.

September 30, 1890.

**Appeal —Order Refusing to Vacate Non-Appealable Order.** — The
  merits of a non-appealable order made by a district court cannot be re-
  viewed in this court by means of an appeal from an order vacating and
  setting it aside, or refusing so to do.

**Same—Administrative Order in Action to Wind up Corporation.**—
  An interlocutory order 'of a purely administrative nature, made by a
  district court in the course of proceedings in insolvency pending before it,
  does not involve the merits of an action, nor does it affect a substantial
  right. Such an order is not appealable.

Appeal by the receiver of Brown, Bonnell & Co., creditors of the
Northwestern Manufacturing & Car Co., from an order of the district
court for Washington county, *McCluer*, J., presiding, refusing to vacate
or modify former orders in an action brought in the same court,
under Gen. St. 1878, c. 76, by E. L. Hospes and others, judgment
creditors of the corporation, for the purpose of winding up its affairs.
The nature of these orders is stated in the opinion. The respondent,
the Minnesota Thresher Mfg, Co., purchaser of the assets of the de-
fendant corporation at the sale made by order of the court, con-
tended that the order was not appealable.

*Horace G. Stone,* appellant.

*Flandrau, Squires & Cutcheon,* for respondent.

COLLINS, J.[1] This is an appeal from a refusal of the district court
to set aside and vacate an order made by it bearing date and filed
January 5, 1888, relating to an order of the same court made Sep-
tember 12, 1887, directing the sale of the assets of a certain insolv-
ent estate then in the hands of a receiver, and relating also to an
order confirming the sale of these assets of date November 12th, of
the same year. The orders last mentioned—for a sale and confirm-
ing the same—were both considered in *Hospes* v. *Northwestern Mfg.
& Car Co.,* 41 Minn. 256, (43 N. W. Rep. 180.) The order dated

[1]Gilfillan, C. J., took no part in this decision.

January 5th, which appellant attempted to have set aside and vacated, affected and modified to some extent those previously made by the court, through which the respondent became the purchaser of the assets of the insolvent debtor, a corporation, at an authorized sale of the same.    In it, in accordance with one of the provisions of the original order of sale, the court, provisionally, and subject to future computation and allowance, passed upon the amount the respondent purchaser, as a holder of claims against the insolvent corporation, was entitled to apply in part-payment of the purchase-money.  By it there was fixed, also, the manner in which the respondent should pay the balance admitted to be due on account of its purchase, nothing more.    If this order of January 5th was not appealable, the one made upon appellant's motion to vacate and set it aside is in the same category, and must be dismissed.    It cannot be that a non-appealable order can be brought here for review upon the merits by means of an appeal from an order vacating and setting it aside, or refusing so to do.    To be reviewable on appeal, an order must necessarily be included among those specified in the several subdivisions of Gen. St. 1878, *c.* 86, § 8.    It is also evident that the one in question, that of January 5th, to be appealable, must fall within the third subdivision,—an order involving the merits of an action, or some part thereof; or within the sixth subdivision,—a final order affecting a substantial right made in a special proceeding.

The object of the main suit, in which a receiver was appointed,— properly denominated a "special proceeding," (*State* v. *Severance*, 29 Minn. 269; 13 N. W. Rep. 48,)—was to marshal the insolvent's assets, to distribute the proceeds among such creditors as might establish a right to participate therein, and, finally, to obtain a judgment determining the rights and obligations of the corporation, and closing up its business affairs.    In aid of this, in the course of administration, was the order made appointing a receiver, that directing a sale of the assets, and the one confirming the sale to respondent, all appealable under the decisions of this court.    *State* v. *Severance, supra; In re Graeff*, 30 Minn. 358, (16 N. W. Rep. 395;)  *Hospes' Case, supra.* But that of January 5th was a common and ordinary interlocutory order of an administrative character made by the court relative to

and pending the sale. It did not involve the merits of an action, using the word "action" in its broadest sense, for in it there was no effort to pass upon the merits of any matter in issue between any of the parties to the proceeding. The amount due from the insolvent to appellant was not passed upon, nor was the sum which might ultimately be realized by the receiver for equal distribution among creditors affected by the order; nor did it, directly or indirectly, increase or diminish the percentage of dividend thereafter to be awarded appellant or other creditors. Nor can we discover how it determined a substantial right. All matters referred to in the order were retained under the control of the court for future and final consideration. Provisionally determining the amount of credit respondent should have, the court expressly reserved the power of revision and modification upon final hearing. These various items of credit remained open for discussion and determination when the court should be in better position to decide; when the exact sum of money for distribution and the precise amount of corporative indebtedness had been ascertained.

The appellant urges, however, that his rights have been substantially affected by that part of the order which permits the respondent to retain in its hands a portion of the purchase-money, his position being that the payment of a dividend is thereby postponed. Under the order of January 5th, the respondent retains and holds a part of the price, subject to the summary demand of the district court, just as would the receiver, or a designated depositary. When required for dividend purposes, the money must be forthcoming immediately. We fail to see how the formal payment of this money into the court, or into the hands of its receiver, would promote a determination of the charge made by appellant that some of the claims against the insolvent, filed with the receiver, are fictitious and fraudulent, or how it would hasten the distribution of the assets among genuine creditors. The declaration of a dividend, as well as its size, depends not upon an actual delivery of the money to the court or to its receiver, but, in this case, more upon a final decision respecting the merits of the disputed claims; not upon a payment over of the money which may be used for distributing the percentage, but upon

a determination of the total amount due to participating creditors. As all matters provisionally passed upon in an interlocutory order are open for determination on the final hearing in these proceedings, without a prior motion for a rehearing or to vacate, such an order is not appealable.    See *Perkins* v. *Fourniquet,* 6 How. 206, and *Fourniquet* v. *Perkins,* 16 How. 82.

Appeal dismissed.

NOTE.   A motion for a reargument of this case was denied October 16, 1890.