CITY OF FERGUS FALLS v. BOARD OF COUNTY COMMISSIONERS OF
OTTER TAIL COUNTY.[1]

January 23, 1903.

Nos. 13,240—(201).

### City Taxes—Recovery of Interest and Penalties.

The charter of the city of Fergus Falls provides, among other things, that the city council shall levy all city taxes, and cause a statement of the same to be transmitted to the county auditor of Otter Tail county on or before October 10, of each year, and that the same shall be collected and the payment thereof enforced by the county officers in the same manner as state and county taxes are collected. It further provides that the county treasurer shall pay over to the city such taxes, when received by him, together with all interest and penalties which may be collected on account of the same, and also all interest received by him from bankers upon funds arising from city taxes deposited with them. In an action by the city against the county to recover taxes, interest, and penalties received by the county treasurer, which he neglected and refused to pay over to the city, it is held:

1. That the city is entitled to recover interest and penalties accruing and collected upon special assessments, as well as interest and penalties upon taxes proper; and

2. That it was not necessary, as a prerequisite to bringing an action against the county, that an itemized claim be filed with the board of county commissioners. Section 687, G. S. 1894, has no application to the case.

Appeal by defendant from an order of the district court for Otter Tail county, Baxter, J., denying a motion for a new trial. Affirmed.

*C. L. Hilton* and *J. W. Mason*, for appellant.

*Chauncey L. Baxter* and *Parsons & Brown*, for respondent.

BROWN, J.

This action was brought by the city of Fergus Falls to recover from defendant, Otter Tail county, certain moneys collected by the county treasurer as interest and penalties on taxes and assessments levied by the city on city property, and also certain sums received by the county treasurer from county depositaries as

[1] Reported in 93 N. W. 126.

interest on deposits of the money so collected by him. Plaintiff had judgment in the court below, and defendant appealed from an order denying its motion for a new trial.

The charter of the city of Fergus Falls, c. 5, §§ 29, 30 (Sp. Laws 1883, c. 1, p. 27), provides, among other things, that the city council shall cause to be transmitted to the county auditor of Otter Tail county, on or before October 10, of each year, a statement of all taxes by it levied for city purposes, and that the same shall be collected and the payment thereof enforced by the county officers in the same manner as state and county taxes are collected, and, further, that the county treasurer shall pay over to the city such taxes, when received, together with all interest and penalties which may be collected on account of the same, and that he shall also pay over to the city such portion of the interest paid by bankers with whom funds are by him deposited as may accrue upon funds arising from city taxes and assessments. Taxes were assessed by the city for the year 1894 and succeeding years, which were duly collected by the county treasurer, together with interest and penalties accruing thereon. He also collected and received certain amounts as interest upon funds properly belonging to the city. Upon his refusal to pay over to the city the amount so received by him, this action was brought to recover the same.

The court below found that of the amount claimed by plaintiff, the sum of $1,171.49 represented interest and penalties on "special assessments" made on city property to pay for certain public improvements, and this amount is included in plaintiff's recovery. Judgment was awarded for plaintiff for the sum of $5,139.65.

It is first contended by appellant county that plaintiff is not entitled to recover the interest and penalties received by the county treasurer on special city assessments, that the provisions of the charter require the county treasurer to pay over to the city only the interest and penalties on taxes levied by the city, and that a distinction is there made between taxes and special assessments. We are unable to concur in this position. The provisions of the charter must be given a reasonable construction, and one that will carry out the object and purpose of the legislature. Interest and penalties accruing upon special assessments made by the city to

pay for public improvements belong as much to the city as interest and penalties accruing upon taxes proper. In either case the amounts thus. accruing and collected by the treasurer belong to the city, and the provisions of the charter must be construed to include such interest and penalties as accrue, not only upon taxes proper, but upon all special assessments.

It is next contended by appellant that plaintiff is not entitled to recover, because no itemized account was presented to the board of county commissioners for their action prior to the commencement of this action, as provided for by G. S. 1894, § 687. We are of opinion that this statute has no application to a case of this kind. The provisions of the charter, the substance of which we have stated, make it the absolute duty of the county treasurer to pay over to the city all moneys by him collected which belong to the city. The amounts are definitely fixed, and ascertainable from the books and records in his office, with reference to which amounts, or whether they shall be paid over to the city, the county commissioners are not required to act. They can neither authorize nor prevent proper payment being made as required by the provisions of the charter. It is unnecessary, then, that an itemized bill or claim be presented to them, or that they be in any manner consulted in the matter. The situation is precisely the same as to salaries of county officers, where the auditor is required to issue his warrant in payment of the same. In such case the county commissioners have no right to interfere, and no power to pass upon the liability or nonliability of the county, for the law fixes the liability as well as the amount thereof. The auditor acts by authority of the statute, and is controlled exclusively by its requirements. In the case at bar the county treasurer is required by the charter to pay the amount received by him on account of city taxes over to the city, and he may ascertain the proper amount from the records in his office. There is nothing for the commissioners to act or pass upon. For these reasons, it is clear that the statute requiring claims against a county to be presented in itemized form to the county commissioners has no application.

Order affirmed.