## STATE ex rel. JOHN HANEY v. P. CLARKE and Others.[1]

December 9, 1910.

Nos. 16,858—(46).

**County ditch — engineer's certificate of completion.**

The certificate of the engineer issued in drainage proceedings under the provisions of section 17, c. 230, Laws 1905, is not final and conclusive that the contract has been fully performed.

**Same — approval of county commissioners.**

It is subject to approval or disapproval by the board of county commissioners, an approval of which is a condition precedent to the authority of the county auditor to issue warrants in payment of the amount due for the work.

**Same — writ of mandamus.**

The question whether the certificate should or should not be approved is one addressed to the judgment and discretion of the county board, the exercise of which cannot be controlled by mandamus.

**Same — refusal to approve.**

Upon a refusal to approve, the contractor may bring suit upon the contract, and have the merits of the controversy litigated in an action at law.

Petition to the district court for Big Stone county by John Haney for a writ of mandamus to compel the board of county commissioners of that county to approve a certificate of the completion of County Ditch No. 5 in that county and to direct the county auditor to issue and deliver a warrant for the payment of the contract price, $2,275, to him. The facts are stated in the opinion. From an order, Fla-

[1]Reported in 128 N. W. 1008.

herty, J., overruling relator's demurrer to that part of the answer which is specified in the opinion, he appealed. Affirmed.

*T. J. McElligott,* for appellant.

*J. J. Purcell* and *Chas. E. Chrisman,* for respondents.

BROWN, J.

Drainage proceedings were duly instituted under the provisions of chapter 230, p. 303, Laws 1905, which culminated in an order of the county board laying out the drain petitioned for. Plans and specifications were prepared, a contract was awarded for the construction of the drain, and an engineer appointed to superintend the work as required by the statute referred to. The contractor reported the completion of the work to the engineer, and that officer in turn formally certified that the same had been performed in accordance with the terms of the contract. The contractor presented this certificate to the board of county commissioners for their approval, as provided by section 17 of the statute (p. 321). The commissioners refused their approval, whereupon the contractor brought this proceeding of mandamus to compel the same.

The petition for the writ, and also the writ, sets out the facts stated, but in greater detail, to which the commissioners answered, among other things, that at the meeting of the board at which the certificate was presented, a protest against its approval was made by the owners of property affected by the drain, to the effect that the drain had not been constructed or completed in accordance with the contract; that it was carelessly and negligently constructed and was of no practical benefit; and, further, that the certificate was issued and delivered to the contractor under a mistake of fact on the part of the engineer. The answer further alleges that the board then heard all parties to the controversy, and upon the evidence adduced unanimously, and after mature deliberation, refused to approve the certificate. The answer contains no affirmative allegations that the drain was not constructed in accordance with the contract, though it does allege that the certificate of the engineer was issued under a mistake of fact. The facts were so charged by the taxpayers, and the answer alleges that the board found them to be true. Relator

demurred to this part of the answer upon the ground that it failed to state facts sufficient to constitute a defense, and appealed from an order overruling the same.

It is the contention of relator that the certificate of the engineer under the provisions of the statute in question is, in the absence of fraud or such gross mistake as to imply fraud, final and conclusive, leaving the board of county commissioners no alternative but to approve it when presented for that purpose. We are unable to concur in this view of the statute.

The board of county commissioners constitutes the sole agency through and by means of which drainage proceedings are conducted. Certain duties are imposed upon the county auditor and the engineer, but the primary authority and responsibility for the conduct of the proceedings throughout rests with and upon the county board. The duties of the engineer are specifically defined, and there can be no question of his general authority over the work of construction. But the statute does not make him an arbitrator of controversies arising during performance of the work, and he is not clothed with power to relieve the contractor from a substantial performance of the contract.

The whole question it seems to us is determined by the construction to be given section 17 of chapter 230, p. 321, Laws 1905, under which the drain was constructed. That section makes it the duty of the engineer, upon being notified by the contractor that the work has been completed, to inspect the same, and to certify the fact, if he finds that the contract has been complied with, and report his findings to the county commissioners; "whereupon, if approved by the county commissioners," the county auditor shall issue his warrant in payment of the amount certified to be due the contractor. Clearly under this statute, with no provision that the certificate of the engineer shall be final, it cannot well be held that the duty imposed upon the commissioners to approve the certificate, is merely perfunctory, to be granted irrespective of the question whether the certificate of the engineer be true or false.

The whole proceeding is under the guiding hand of the commis-

sioners, and to give effect to the general scope and purpose of the law, it must be held that the certificate of the engineer is merely advisory, upon which, without further inquiry, they may act if they so conclude. It does not, however, preclude inquiry into the question, when presented, whether the contract has or has not been performed. This the commissioners not only have the right to do, but it clearly would be their duty, particularly when protest is presented charging a failure to perform by the contractor. We so construe the statute. The case is wholly unlike contracts where a third person is made arbitrator, and whose determination of disputed questions is made final by agreement.

The question whether a certificate should or should not be approved by the commissioners is one addressed necessarily to their judgment and discretion, and is not subject to control by mandamus. It is not a mere ministerial act the performance of which may be commanded by the court. It follows, therefore, that the board cannot be coerced or compelled by mandamus to approve it, and the answer states a complete defense. 26 Cyc. 313, 356, and cases cited. State v. Geib, 66 Minn. 266, 68 N. W. 1081; State v. Teal, 72 Minn. 37, 74 N. W. 1024.

It does not follow, however, that the refusal of approval by the board concludes the rights of the contractor. The action of the board lays the foundation for an action by the contractor to recover the amount due under his contract, in which the merits of the controversy may be litigated in an action at law in the usual way.

The learned trial court was therefore right in overruling the demurrer and the order appealed from is affirmed.