## CHARLES F. MERZ v. COUNTY OF WRIGHT.[1]

June 2, 1911.

Nos. 16,962—(105).

**County ditch — action to recover final payment.**

State v. Clarke, 112 Minn. 516, 128 N. W. 1008, to the effect that, upon the refusal of the board of county commissioners in drainage proceedings to approve the final certificate of the engineer, provided for by section 17, c. 230, Laws 1905, the contractor may bring an action upon the contract to recover the balance due, followed and applied.

**Same — certiorari.**

The contractor is not required to resort to certiorari to review the refusal of the board to approve the certificate.

**Statute inapplicable.**

Section 620, R. L. 1905, providing for an appeal from the disallowance of a claim by the county commissioners, *held* not applicable to the final payment due a contractor in drainage proceedings.

**Certificate of completion — claim.**

The certificate of final completion of the contract issued by the engineer, and which the board may approve or disapprove, is not a "claim," within the meaning of that statute.

Action in the district court for Wright county to recover $3,-608.34, balance alleged to be due upon a certain contract for the con-

[1]Reported in 131 N. W. 635.

struction of a ditch. From an order, Giddings, J., overruling defendant's demurrer to the complaint, it appealed. Affirmed.

*J. J. Woolley,* County Attorney, *Henry Spindler,* and *W. H. Cutting,* for appellant.

*J. D. Sullivan* and *H. S. Whipple,* for respondent.

BROWN, J.

Appeal from an order overruling defendant's demurrer to plaintiff's complaint. The facts as disclosed by the complaint are substantially as follows:

The board of county commissioners of Wright county, in proceedings duly had for the purpose, ordered the construction of a drainage ditch in said county, described in the complaint as "ditch No. 10." Thereafter, and in compliance with the statutes upon the subject, the county auditor entered into a contract with plaintiff for the construction of the same. An engineer was duly appointed to superintend the work. All proceedings in reference to the ditch were in all things regular. Plaintiff, as contractor, entered upon the performance of the work, and instalment payments were made to him in the manner and as provided by law. He completed the work, and the engineer in charge issued and delivered to him a certificate that the contract had been fully performed. This certificate plaintiff presented to the board of county commissioners for their approval or disapproval, as required by section 17, c. 230, p. 321, Laws 1905 (R. L. Supp. 1909, § 2651–60). The board refused to approve the same. The complaint alleges that the refusal was without cause or reason. Plaintiff thereafter brought this action to recover the balance due under the contract.

Our statutes on the subject of drainage, though constituting the board of county comissioners the main agency of the state in carrying to completion improvements of this character, divide the responsibility in respect to the proceedings between the board, the county auditor, and the engineer. The board has full jurisdiction and authority in the determination of the question whether a drain shall be established, and its determination thereof is final. When it has ordered or established a drain, proceedings thereafter looking

114 M.—29.

to its construction are under the exclusive control of the auditor and engineer, at least up to the point of final completion and payment for the work. The auditor is required to enter into the contract, and is authorized to make certain payments thereon as the work progresses, upon certificates of the engineer, and without action by or consent of the county board. The engineer is charged with the duty of superintending the work of construction, and seeing to it that the contract is performed in accordance with its terms.

All expenses of the drain are provided for by a specific fund created for the purpose, and the county, as such, is in no way responsible or liable for the payment of the same. Judgments in actions of this kind must be paid from that fund. Section 17, c. 230, p. 321, Laws 1905, provides, in substance, that when the contractor has completed the work, and so notifies the engineer, the latter shall inspect the same, and, if he finds the contract to have been complied with, deliver to the contractor a certificate to that effect, "whereupon, if approved by the county commissioners," the auditor shall issue a warrant upon the county treasurer for its payment of the balance due.

It is contended by defendant that the decision of the board refusing to approve the certificate is not open to collateral attack, and, unless reversed or set aside in some direct proceeding, is final and conclusive upon all parties. It is insisted in support of this position that plaintiff had either one of two remedies for the review of the action of the board, namely, certiorari, or appeal under the provisions of section 620, R. L. 1905, and, not having adopted either, is not entitled to redress in an action on the contract. We do not concur in this contention.

1. The question whether an action may be brought against the county upon the contract, where the board of commissioners refuse to approve the final certificate of the engineer, came before us, incidentally it is true, in the case of State v. Clarke, 112 Minn. 516, 128 N. W. 1008, and we there held the action proper. That was a proceeding in mandamus to compel the board to approve the certificate, which we held could not be maintained; that the question whether the certificate should be approved involved an exercise of judg-

ment and discretion, which could not be thus controlled by the court. And in reply to the argument that, unless mandamus would lie, the contractor was remediless, we held that a refusal to approve laid the foundation for an action on the contract, which would afford all parties an opportunity to be heard. A further consideration of the question leads to the conclusion that the decision referred to should be and it is adhered to.

The statute in question prescribes no method for the review of the action of the board refusing to approve the certificate, and a contractor placed in that situation, having completed his contract and being confronted with the refusal of the county board, may proceed under any appropriate remedy given by the common law. 1 Dunnell, Minn. Digest, 87. It is elementary that common-law remedies may always be resorted to for the enforcement of rights, even where a remedy is provided by express statute, unless the statutory remedy is made exclusive.

This rule was early applied in this state in the matter of the enforcement of claims against counties. Murphy v. County Commrs. of Steele County, 14 Minn. 51 (67). In that case plaintiff presented a claim to the board of county commissioners, and it was disallowed. The statute provided for an appeal from the decision of the board; but, instead of resorting to that method, plaintiff brought an action at law, and the court held that the remedy by appeal was merely cumulative, and the right of action was sustained. The decision has since been followed in other cases, and by other courts. Notes to Minn. Cases, 554. Under the revision of the statutes of 1905, the remedy by appeal in such cases is now perhaps exclusive. State v. Peter, 107 Minn. 460, 120 N. W. 896. But our drainage statute provides no remedy whatever, exclusive or otherwise, and the remedy by action on the contract would seem the only recourse open to the contractor.

The contention that the contractor can review the action of the board by certiorari, and that that is his exclusive remedy, is clearly not sound. The proceedings of the board in determining whether to approve a certificate may be wholly ex parte. The statutes provide for no hearing before them, or a time or manner in which the

contractor may be heard, and in such a case certiorari would be ineffectual and of no benefit. There would be nothing to review. An ex parte decision is not res judicata. Humphreys v. Browne, 19 La. An. 158. And in any event, conceding, without deciding the question, that certiorari might be resorted to, the contractor is not limited to that course of procedure. The question comes clearly within the doctrine of the Murphy case, supra, which we follow and apply. The fact that the statutes involved in that case have been changed does not alter the rule of law there laid down. There is no statute controlling the question in cases like that at bar.

2. The further contention that plaintiff's remedy was by appeal from the decision of the board, under the provisions of section 620, R. L. 1905, is not sustained. The certificate of the engineer that the work had been completed and the contract performed, presented to the commissioners for approval, is not a "claim," within the meaning of that statute. The contractor's right to payment is founded upon the contract entered into with the county auditor, and the amount thereof is determined thereby, and by the number of yards of excavation, a matter of mathematical computation. The right of the contractor to compensation is in no manner within the control of the commissioners. That is determined by the contract, which the board cannot repudiate. The whole duty of the board in this connection is to determine whether the contract has been performed, and perhaps whether the certified yards of excavation be correct, if payment is by the contract governed thereby. The auditor issues his warrant upon the basis of the contract, and not upon any order of the county board determining the amount. The certificate is not, therefore, a claim, within the meaning of the statute referred to. City of Fergus Falls v. Board of Co. Commrs. of Otter Tail County, 88 Minn. 346, 93 N. W. 126.

The case of State v. District Court of St. Louis County, 90 Minn. 457, 97 N. W. 132, is not in point. The city charter of Duluth, which was involved in that case, required the common council to audit and allow estimates or claims for paving public streets under contract with the city. In compliance with the provisions of the charter the contractor presented estimates of work performed, pre-

pared by the board of public works, to the council for allowance, and that body allowed and ordered the same paid. The matter was treated by the parties as a claim within the meaning of the charter, and certain taxpayers appealed to the district court from the order of allowance; the appeal being provided for by the charter. Subsequent to the appeal the contractor sought to enjoin the district court from proceeding to a hearing of the appeal, and we held that, having presented the estimates to the council for allowance as a claim, and the council having allowed the same, the right of appeal on the part of taxpayers existed, and the contractor was bound to follow the proceedings into the district court.

A like situation is not presented under the drainage statutes. The county board is charged with no duty respecting the allowance of claims for work performed by the contractor, nor can it by any action on its part prevent payment, if the contract be in fact performed. Its only duty in this respect is to approve the final certificate, if, on investigation, the members thereof are satisfied that the contract has been fully completed. The only object of this requirement is a final check against possible collusion between the contractor and engineer. If, in the Duluth case referred to, the city council had disallowed the contractor's claim, an action to recover the same would, under the rule in Murphy v. County Commrs. of Steele County, supra, undoubtedly have been sustained; the provisions of the charter upon the subject being substantially similar to our statutes prior to the revision of 1905.

Order affirmed.