## WILLIAM PUST v. WILLIAM HOLTZ, SR.[1]

October 6, 1916.

Nos. 19.952—(84)[2].

**Order not appealable.**

The trial court denied defendant's motion for judgment notwithstanding the verdict, but granted a new trial on the ground that the verdict was not justified by the evidence. Plaintiff's motion to vacate that order was not specifically denied, but the order was amended to read that the court erred in denying defendant's motion to dismiss the action on the ground that there was not sufficient evidence to sustain plaintiff's claim. *Held*: The order as amended does not make it clearly appear that a new trial was granted exclusively for the erroneous ruling specified and hence, within the rule of G. S. 1913, § 8001, subd. 4, the order is not appealable. Motion to dismiss the appeal was granted. [Reporter].

**Motion for new trial.**

A motion for a new trial upon the trial court's minutes made and heard the day after the verdict was rendered, is in time. [Reporter].

Action in the district court for McLeod county by the administrator of the estate of Henrietta Joecks, deceased. The case was tried before Morrison, J., and a jury which returned a verdict for $4,054 against defendant William Holtz. The motion of that defendant for judgment notwithstanding the verdict was denied, and his motion for a new trial was granted upon the ground that the verdict was not justified by the evidence and was contrary to law. Plaintiff's motion to vacate the order denying defendant's motion for judgment notwithstanding the verdict and granting his motion for a new trial was so far granted that the pre-

[1]Reported in 159 N. W. 564.     [2]October, 1916, term calendar.

vious order was modified as stated in the opinion. From the order amending the prior order, defendant appealed. Appeal dismissed.

*William O. McNelly,* for appellant.

*C. D. Odquist, H. H. Bonniwell* and *Sam. G. Anderson, Jr.,* for respondent.

PER CURIAM.

The motion to dismiss must be granted because the appeal is taken from a nonappealable order. Upon the reception of the verdict respondent moved the court for judgment notwithstanding the verdict or for a new trial. The court denied judgment, but granted a new trial on the ground that the verdict was not justified by the evidence. Thereafter appellant moved to vacate this order. The court did not specifically deny the motion, but made an order reciting that on motion of appellant the former order "is amended and modified so as to read that the court erred in denying the motion of the defendant to dismiss the action of the plaintiff at the close of the plaintiff's testimony for the reason that there was no evidence sufficient to sustain the claim made by the plaintiff; and said order is so amended and modified as to contain the ground above stated." From this last-mentioned order the appeal is taken.

An order granting a new trial is not appealable unless "based exclusively upon errors occurring at the trial and it is so expressly stated in the order or memorandum of the trial court."[2] Considering the two orders made as one and the appeal as if from such order, it does not clearly appear that a new trial was granted exclusively for the alleged erroneous ruling mentioned by the court in the amendatory order. There is nothing in the point that a motion for a new trial upon the court's minutes was not in time. It was made and heard the day after the rendition of the verdict.

[2] [G. S. 1913, § 8001, subd. 4.]