T. J. FRIEDERICK AND M. W. BARNARD, COPARTNERS
DOING BUSINESS AS FRIEDERICK & BARNARD v.
COUNTY OF REDWOOD.[1]

February 4, 1921.

No. 21,895.

**Drain—refusal of county board to approve engineer's final certificate.**
1. The refusal of a county board, in drainage proceedings, to approve
the final certificate of the engineer, provided for by section 5541, G. S.
1913, lays the foundation for an action on the contract.

**Contract — substantial performance — cause of delay — questions for
jury.**
2. Testimony considered and held to make a case for the jury, both
as to the cause of delay in completing the work of construction, and
as to whether there was substantial performance of the contract.

Action in the district court for Redwood county to recover $12,775.36.
The case was tried before Clague, J., who at the close of the testimony
denied plaintiffs' motion for a directed verdict, and directed a verdict for
defendant, "no cause of action." Plaintiffs' motion for judgment not-
withstanding the verdict or for a new trial was denied, Olsen, J. From
the judgment entered pursuant to the verdict, plaintiffs appealed. Re-
versed.

*Axel A. Eberhart* and *A. C. Dolliff*, for appellants.
*Albert H. Enersen*, for respondent.

QUINN, J.

This action was commenced March 27, 1919, to recover a balance al-
leged to be due plaintiffs from defendant, upon a contract dated March
2, 1917, for the construction of the open portion of County Ditch No. 22,
of Redwood county. At the close of the testimony plaintiffs requested
the court to direct a verdict in their favor for the amount of the con-
tract price, less the payments made thereon, with interest. The motion

[1]Reported in 181 N. W. 324, 182 N. W. 514.

was denied and thereafter the court directed the jury to return a verdict in favor of the defendant, squarely upon the ground that the action was prematurely brought, to which the plaintiffs duly excepted. Thereafter plaintiffs moved for judgment notwithstanding the verdict, which was denied. From a judgment entered upon the verdict, plaintiffs appeal.

A brief statement of facts leading to the bringing of this action may assist in arriving at a better understanding of the situation. By the terms of the contract plaintiffs agreed and undertook to construct the open work of the ditch according to the plans and specifications prepared by the engineer. The open portion of the ditch was about 7½ miles in length, from 8 to 10 feet wide at the bottom and at places 14 feet in depth. The slopes on the sides were one to one, and the excavation totaled 277,517 cubic yards. The price provided for in the contract was 11¼ cents per cubic yard, the work to be completed by January 1, 1918, and if not completed by that time the price was to be 9¾ cents. The contract further provided that if the job was not completed within the time stated the contractors should forfeit $5 for each day such default continued. It also provided that the contractors should not be liable for delays caused by matters beyond their control. The plans and specifications, which were part of the contract, provided for tile laterals entering the open work 2 feet above the bottom. As the work of construction proceeded monthly estimates of the work done were prepared by the engineer and figured at the rate of 11¼ cents per yard until October, 1917, and thereafter at the rate of 9¾ cents. A certain per cent of these estimates was paid by the county auditor to the contractors upon such certificate of the engineer.

The work was not completed until October, 1918. On the thirtieth day of that month the engineer made and delivered to the contractors his final certificate that the contract had been fully performed and that there was a balance due the contractors of $6,761.17, figured at 9¾ cents per cubic yard. A meeting of the county board was duly called and held on December 2, 1918, for the purpose of considering the approval of the certificate and the acceptance of the ditch. This certificate was presented to the board. Other testimony was received. The board refused to approve the certificate or accept the job, upon the ground

that there was a deposit of silt in the upper mile of the ditch which, it contended, the contractors should remove before they were entitled to their pay. The board then adjourned until December 6, and subsequently to May 1, 1919, whereupon this action was brought.

There is no allegation in the answer, nor is it claimed that the county sustained any damages on account of the open work not having been completed by January 1, 1918. Nor does it appear that the laying of the tile laterals was delayed by reason thereof.

The county board, at the beginning, appointed B. J. Reynolds as the official engineer in the proceeding. He prepared the plans and specifications and had supervision of the construction work as it proceeded. He testified upon the trial, in effect, that in September, 1918, the contractors informed him that the open work had been completed, and requested an inspection of the job; that he examined the same and found that the ditch had been completed according to the contract, plans and specifications; that in July, 1918, there was a heavy rain in that vicinity which caused portions of the banks to wash into the ditch, and as a result thereof silt to the depth of about 2 feet accumulated in the bottom of the ditch along the upper half mile; that, after inspecting the ditch its entire length and finding the same to have been constructed according to the contract, he accepted the same and made his certificate accordingly. He further testified that while excavating the dredge encountered hardpan in a great many places at the depth of about 12 feet, which delayed the progress of construction; that he considered the character of the soil and the heavy rain the cause of the accumulation of silt in the upper end of the ditch; that the fall in the grade line at that point was $5/8$ of an inch per station and farther down was $2\frac{1}{4}$ inches to the station; that at the time of the storm the dredge was 5 or 6 miles below; that the ditch along the line where the silt lodged had been completed more than a year at the time of the storm, and that it had always remained in good condition until that time. The contract contains no provision for the removal of silt washed into the ditch by storms.

We think the showing made a case for the jury, both as to the cause of delay in the completion of the work and as to whether there was substantial performance of the contract, and that it was error to direct a verdict in favor of the defendant.

Whether an action may be maintained against a county, upon a contract for the construction of a public drainage system, where the county board refuses to approve the final certificate of the engineer, was before this court in State v. Clarke, 112 Minn. 516, 128 N. W. 1008, and again in Merz v. County of Wright, 114 Minn. 448, 131 N. W. 635, where it was held that a refusal by the board to approve the certificate laid the foundation for an action on the contract, which would afford all parties an opportunity to be heard. The statute prescribes no method for the review of the action of the board in refusing to approve the certificate, and a contractor placed in that situation may proceed under any proper remedy afforded by the common law. Merz v. County of Wright, supra; 1 Dunnell, Minn. Dig. § 87. The right to recover is not based upon the engineer's certificate, nor upon the action of the board with reference thereto, but rather upon the contract and whether its provisions have been complied with. It is clear that the board refused to approve the certificate or to accept the ditch. In open court upon the trial the following occurred between counsel: "Mr. Eberhart: Do you admit that this matter was considered at the December meeting and demand made and the refusal? Mr. Enerson: We admit there was a refusal according to law, on that certificate, as made by the engineer." In addition to the above the chairman of the board testified that the board took action upon the matter and refused to approve the work upon the certificate and what the board observed while inspecting the work.

In directing a verdict the trial court acted upon the theory that the action was prematurely brought, without considering the cause of the delay in the completion of the work, or whether there was substantial performance of the contract. We are of the opinion that the action was not prematurely brought. The judgment appealed from should be set aside, which will necessitate a new trial.

Judgment reversed.

On April 12, 1921, the following opinion was filed:

Per Curiam.

The application for a rehearing in this cause calls for a construction of the provisions of the contract relative to the compensation of the contractor. The contract provides that if the work be performed prior to

January 1, 1918, the contractor shall receive the sum of 11¼ cents per yard, but if not performed prior to that date he shall receive the sum of 9¾ cents per yard. The work was not completed by January 1, nor for some time thereafter. We hold, Mr. Justice Quinn not concurring, that plaintiff is entitled to the lower rate of compensation only.

The reduction from 11¼ to 9¾ for the failure to complete the work within the stipulated time is not to be construed as a penalty for a breach of the contract, and is therefore valid. The allowance of the higher rate was evidently provided for as an inducement to extra exertions in the performance of the contract, the lower rate being intended as the agreed compensation.

With this statement further hearing in the matter is unnecessary.