## ROY L. MILLER v. COUNTY OF STEELE.[1]

February 13, 1925.

No. 24,261.

**When appeal from grant of new trial is allowed.**

An appeal from an order granting a new trial cannot be taken unless the order, or a memorandum made a part thereof, expressly states that the order is based exclusively upon errors occurring at the trial.

*Headnote 1. See Appeal and Error, 3 C. J. p. 507, § 337.

Action in the district court for Steele county to recover $1,000. The case was tried before Senn, J., and a jury which returned a verdict for the amount demanded. Defendant's motion for judgment notwithstanding the verdict was denied; its motion for a new trial was granted. From the order granting defendant's motion for a new trial, plaintiff appealed. Appeal dismissed.

*C. J. Laurisch*, for appellant.

*F. A. Alexander* and *Harold S. Nelson*, County Attorney, for respondent.

HOLT, J.

Plaintiff recovered a verdict for a balance due upon a drainage contract. Defendant's motion for a new trial was granted, and plaintiff appeals.

At the outset we are met with the question whether the order is appealable. Subdivision 4, § 8001, G. S. 1913, provides "that when an order granting a new trial is based exclusively upon errors occurring at the trial and it is so expressly stated in the order or memorandum of the trial court, an appeal therefrom may be taken but in such case only." The order itself does not state why a new trial was granted. However, attached thereto is a memorandum which is made a part of the order. After therein calling attention to Exhibits 9 and 10, deemed to have been erroneously received, and one questionable instruction given, it continues: "Under the

[1]Reported in 202 N. W. 68.

evidence the jury could have found for the defendant and the court is now of the opinion that plaintiff's request number three and the exhibits herein mentioned were prejudicial to the defendant. The other assignments of error which defendant makes are not as important, but for the reasons mentioned the court grants to the defendant a new trial of said cause." Nowhere is it expressly stated that the new trial is granted exclusively upon errors occurring at the trial. The statute does not leave the appealability of an order granting a new trial to inferences that it is based upon errors of law alone. Pust v. Holtz, 134 Minn. 266, 159 N. W. 564. Trial courts should comply with the statute strictly by expressly stating that the order for a new trial is based exclusively upon errors occurring at the trial, where such is the case. It is not necessary to single out the errors but, to make the order appealable, the trial court must make it appear that no element of judicial discretion was exercised, and that can only appear from such a statement as the statute prescribes. This was not done, and we must hold the order nonappealable.

But we confess no reluctance to dismiss the appeal, for it is quite clear there was error which cannot be brushed aside as nonprejudicial in the jury receiving Exhibit 10 and also in giving plaintiff's request No. 6, which in substance was that, if plaintiff did the work to the satisfaction of the engineer in charge, he was entitled to a verdict. The engineer was not the final arbiter by the terms of the contract. Plaintiff was entitled to a verdict upon showing that the work as done was a substantial performance of the contract according to the plans and specifications. State v. Clarke, 112 Minn. 516, 128 N. W. 1008; Merz v. County of Wright, 114 Minn. 448, 131 N. W. 635; Friederick v. County of Redwood, 148 Minn. 181, 181 N. W. 324, 182 N. W. 514.

The appeal is dismissed.

STONE, J. (dissenting.)

It seems to me that the memorandum of the learned trial judge indicates very clearly that he granted a new trial because of the specified errors and for no other reason. The reference to the "rea-

sons mentioned" is such as fairly to exclude, as grounds for the order, any reasons not mentioned. Therefore to me the order seems to be appealable.