ROSE KRAMER v. JAMES E. BENNETT AND OTHERS.[1]

May 4, 1928.

No. 26,643.

**Appeal dismissed for trial court's failure to comply with statute.**

Statute prohibits an appeal from an order granting a new trial unless the trial court expressly states that the new trial was granted exclusively for errors of law; in Wright case, p. 97, supra, point as to appealability of the order appealed from was not raised. [Reporter]

Appeal and Error, 3 C. J. p. 507 n. 61.

Plaintiff as administratrix of the estate of Irwin J. Koegan appealed from an order of the district court for Hennepin county, Reed, J. granting a new trial. Appeal dismissed.

*Maugridge S. Robb,* for appellant.
*Junell, Dorsey, Oakley & Driscoll,* for respondents.

PER CURIAM.

This is an appeal from an order granting a new trial. Defendants move to dismiss the appeal on the ground that the order is not appealable. The statute provides:

"When an order granting a new trial is based exclusively upon errors occurring at the trial and it is so expressly stated in the order or memorandum of the trial court, an appeal therefrom may be taken but in such case .only." G. S. 1923, § 9498(4).

[1]Reported in 219 N. W. 291.

In Miller v. County of Steele, 162 Minn. 85, 202 N. W. 68, the trial court, after referring to the admission of two exhibits and an instruction as prejudicial, said:

" 'for the reasons mentioned the court grants to the defendant a new trial.' " [162 Minn. 86.]

This court in holding the order nonappealable said:

"The statute does not leave the appealability of an order granting a new trial to inferences that it is based upon errors of law alone. Pust v. Holtz, 134 Minn. 266, 159 N. W. 564. Trial courts should comply with the statute strictly by expressly stating that the order for a new trial is based exclusively upon errors occurring at the trial, where such is the case. It is not necessary to single out the errors but, to make the order appealable, the trial court must make it appear that no element of judicial discretion was exercised, and that can only appear from such a statement as the statute prescribes."

In Citizens State Bank v. Wade, 165 Minn. 396, 206 N. W. 728, where the trial court had stated that he granted a new trial on the authority of a prior case decided by this court, it is said [p. 398]:

"This is not stating expressly that a new trial was granted exclusively for errors of law, and hence the order is not appealable. Our latest ruling upon this point, Miller v. County of Steele, 162 Minn. 85, 202 N. W. 68, requires a dismissal of the appeal."

The notice of motion for a new trial sets forth several grounds therefor, among them "that the verdict is not justified by the evidence." The order contains no statement of the ground upon which it is made. A memorandum states:

"A new trial is granted  *  *  *  on account of errors of law specifically set forth in the motion of the defendants for a new trial;"

but does not state that it was granted exclusively upon that ground. Neither does it affirmatively negative the exercise of judicial discretion.

The statute is plain, explicit and emphatic. It leaves no room for inferences. It prohibits an appeal from an order granting a new trial unless the trial court expressly states that the new trial was granted exclusively for errors of law. That this court may readily infer that it was granted exclusively for errors of law is not sufficient. The trial court must expressly so state or the order is not appealable.

Appellant calls attention to Wright v. Avenson, supra, p. 97, as recognizing a departure from this requirement. But in that case no question was raised as to the appealability of the order, and the strict terms of the statute may have been overlooked.

The motion of defendants must be granted, and the appeal is dismissed.