## N. D. COOK v. H. E. BYRAM AND OTHERS.
## WILLIAM A. TAUTGES AND OTHERS, APPELLANTS.[1]

August 16, 1929.

No. 27,482.

*Tautges, Wilder & McDonald,* pro se.

*F. W. Root, C. O. Newcomb, A. C. Erdall, Thomas Mohn* and *Horace Mohn,* for respondents.

PER CURIAM.

Motion to dismiss an appeal taken from an order granting a new trial. The motion must be granted for the order and memorandum attached to it do not contain any statement that it is made ex-

[1]Reported in 226 N. W. 699.

clusively for errors of law. Kramer v. Bennett, 174 Minn. 606, 219 N. W. 291.

The controversy now relates to enforcing against defendants a lien, claimed by appellants as attorneys for plaintiff, after the cause of action had been settled and dismissed by stipulation between plaintiff and defendants behind the back of appellants. The matter came before Judge Johnson on motion supported by affidavits adduced by appellants. Counter affidavits were presented by defendants in which at all times they objected to a decision based on affidavits, insisting that issue be joined by pleadings and that witnesses be produced in court for examination and cross-examination. On these affidavits and without hearing oral testimony the court made findings establishing a lien and ordering judgment therefor against defendants in favor of appellants. The latter at once entered judgment, and defendants settled a case and seasonably moved for a new trial. The motion was heard and granted by Judge Hall, Judge Johnson's successor in office. It is true that Judge Hall's memorandum does disclose that he was of the opinion that it was error as a matter of law to deny defendants the ordinary trial on issues framed and determined upon the testimony of witnesses heard in open court, but it is also true that he was of the opinion "that some items, considering the terms of the contract, under the authority of Davis v. G. N. Ry. Co. 128 Minn. 354, 151 N. W. 128, are questionable; and the amounts of said items in some instances are apparently open to objection." This is not stating that the new trial was granted exclusively for errors of law. The motion for a new trial was based not only upon alleged errors of law but also upon the insufficiency of the evidence to justify the several findings of fact that appellants had paid or incurred certain sums as expenses in the action for which they were allowed liens upon the cause of action against defendants.

There is nothing in the point that the order appealed from was one under subd. 3 and also under subd. 7 of G. S. 1923 (2 Mason, 1927) § 9498. It is true it vacated a judgment entered by appellants before defendants had had an opportunity to move for a new

trial; but in such case the right to move for a new trial remains, and if the motion prevails the judgment prematurely entered, so to speak, is vacated as a matter of course. There can be no doubt the decision of Judge Johnson was subject to a motion for a new trial under subd. 4 of said § 9498.

The appeal is dismissed.