THOMAS THOMPSON v. CHICAGO & NORTH WESTERN RAILWAY COMPANY.

JOHN F. DAHL AND ANOTHER, INTERVENERS.[1]

August 23, 1929.

No. 27,317.

[1]Reported in 226 N. W. 700.

*Tautges, Wilder & McDonald, F. M. Miner* and *Samuel A. Anderson,* for appellants.

*Fowler, Carlson, Furber & Johnson, R. L. Kennedy, William T. Faricy* and *Paul J. McGough,* for respondent.

DIBELL, J.

The interveners in their complaint in intervention sought to recover $7,000 for their services in an action of the plaintiff, for whom they appeared, against the defendant railway company for personal injuries, which action was settled by the railway company directly with the plaintiff. The case came on for trial before Judge Frank M. Nye. Two issues were submitted to the jury, which were found in favor of the defendant railway company. Judge Nye granted a new trial, not for errors of law but because of the insufficiency of the evidence. The same issues then came on for a second trial before Judge Bardwell, and the jury found for the interveners. Findings of fact and conclusions of law were made. Judge Bardwell then granted a new trial expressly upon the ground of insufficiency of evidence.

The interveners appeal:

(1) From the order granting a new trial.

(2) From a later order denying their motion to vacate the order granting a new trial.

(3) From an order of the clerk of the district court denying interveners' motion to tax costs and enter judgment in their favor.

(4) From an order sustaining the order of the clerk just mentioned.

The defendant railway company moves to dismiss the appeal.

■ The statute, G. S. 1923 (2 Mason, 1927) § 9498(4), gives and limits the right of appeal from an order denying a new trial as follows:

"4. From an order refusing a new trial, * * * provided that when an order granting a new trial is based exclusively upon errors occurring at the trial and it is so expressly stated in the order or memorandum of the trial court, an appeal therefrom may be taken but in such case only.

"Provided further that where the trial court has once granted a new trial in the exercise of its discretion, on the ground that the evidence is not sufficient to support the verdict, an appeal may be taken from any subsequent order granting a new trial wholly or in part upon that ground."

The order granting a new trial was not made upon the ground of errors of law, and there could be no appeal unless it was a second order granting a new trial wholly or in part on the ground of insufficiency of evidence. Cook v. Byram, 178 Minn. 230, 226 N. W. 699; Kramer v. Bennett, 174 Minn. 606, 219 N. W. 291; Lincoln v. Ravicz, 174 Minn. 237, 219 N. W. 149; 1 Dunnell, Minn. Dig. (2 ed.) § 300.

If the interveners had prevailed in the trial before Judge Nye, which they did not, and then had prevailed, as they did, before Judge Bardwell, and Judge Nye and Judge Bardwell had each granted a new trial, they could appeal from the order of Judge Bardwell though based upon insufficiency of evidence. The proper construction of the statute is not in doubt. It contemplates that a party shall not have a right to appeal from an order granting a new trial, except for errors of law, unless he succeeds before two juries in obtaining favorable verdicts; that is, he cannot appeal from an order granting a new trial for insufficiency of evidence until he has twice secured verdicts in his favor and suffered orders for new trials. Then he may appeal from the second order and urge that the court was in error in granting a new trial for insufficiency of evidence, and in addition may claim such errors of

law as he chooses. It is the thought of the statute that the trial court may grant a new trial for insufficiency of evidence, with no right of appeal at all, except when the new trial is after a second verdict in favor of the appealing party.

The order so far as it refers to the granting of a new trial for insufficiency of evidence is not appealable.

■ An order refusing to vacate a nonappealable order is not appealable. Davis v. Royce, 174 Minn. 611, 219 N. W. 928; U. S. R. & P. Co. Inc. v. Melin, 160 Minn. 530, 200 N. W. 807; Security State Bank v. Brecht, 150 Minn. 502, 185 N. W. 1021; Lockwood v. Bock, 46 Minn. 73, 48 N. W. 458; Brown v. Minnesota T. M. Co. 44 Minn. 322, 46 N. W. 560. The second order from which the appeal is taken is not appealable.

■ The order of the clerk of the district court denying the motion of the interveners to tax costs and enter judgment is not appealable. There is no room for discussion. Appeals do not lie from orders of the clerk.

■ The appeal from the order of the trial court affirming the action of the clerk is frivolous. A new trial had been granted. It is obvious that costs cannot be taxed and judgment entered where a verdict has been vacated and a new trial granted.

Appeal dismissed.