## ANKER SEORUM v. NICK MARUDAS AND ANOTHER, d. b. a. MARUDAS BROS. CHEVROLET AND IMPLEMENT COMPANY.[1]

January 21, 1944.

No. 33,665.

*Foster & Burry,* for appellants.
*Doane & Hengel,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Plaintiff brought action against defendants for damages sustained by virtue of a fall into an elevator shaft on premises in control of defendants. At the close of the trial on March 26, 1943, the case was submitted to a jury, which returned a verdict for defendants.

Subsequently on May 15, 1943, the court granted plaintiff's motion for a new trial. The order granting such motion did not state

[1]Reported in 12 N. W. (2d) 779.

the grounds therefor. A memorandum attached to the order indicated the court determined that its failure to instruct the jury relative to certain statutes applicable to elevators constituted error at the trial. Neither such order nor the memorandum expressly stated that such order was based exclusively upon errors occurring at the trial, as required by Minn. St. 1941, § 605.09(4), (Mason St. 1940 Supp. § 9498[4]).

No appeal was taken from said order within 30 days from the date of service thereof. Prior to the expiration of said 30-day period, defendants moved for an order vacating the order granting a new trial, and "for the order of the court denying such a new trial." This motion was denied by the court on July 24, 1943. Subsequently, and within 30 days from the date of service of the last order, defendants served notice of appeal from both the order granting a new trial and from the order denying their motion to vacate the same.

Plaintiff here moves to dismiss the appeal on the grounds (1) that the order of May 15, 1943, granting a new trial was not an appealable order, and (2) that, in any event, the time for appeal therefrom having expired, the order of July 24, 1943, did not revive the right to appeal from the first order, nor in itself constitute an appealable order.

◼ The motion of plaintiff must be granted and the appeal dismissed. Section 605.09(4), (§ 9498[4]), provides:

"* * * when an order granting a new trial is based exclusively upon errors occurring at the trial, the court shall expressly state in its order or memorandum the reasons for and the grounds upon which such new trial is granted, and in such case an appeal may be taken from such order."

The order of May 15, 1943, did not expressly state that it was based exclusively upon errors occurring at the trial, nor did the memorandum attached thereto. It is true, the memorandum indicates that the court granted a new trial because of its failure to instruct the jury with reference to certain statutes which the court regarded as applicable. While this might be construed as an error

of law, the memorandum did not state that the new trial was granted exclusively for the court's failure in this respect, as required by the statute. This court is definitely committed to the rule that there can be no exceptions to this statutory requirement, and that a deficiency in the order in this respect cannot be supplied by construction or interpretation of the language actually used.

In Miller v. County of Steele, 162 Minn. 85, 202 N. W. 68, the trial court in its memorandum referred to the admission of two exhibits and an instruction to the jury as prejudicial, and said, in connection therewith: "for the reasons mentioned the court grants to the defendant a new trial." An appeal was taken from the order, and it was urged that the foregoing statement was sufficient to bring it within the statute as an appealable order. In denying this contention and holding the order nonappealable, this court stated (162 Minn. 86, 202 N. W. 68):

"* * * The statute does not leave the appealability of an order granting a new trial to inferences that it is based upon errors of law alone. Pust v. Holtz, 134 Minn. 266, 159 N. W. 564. Trial courts should comply with the statute strictly by expressly stating that the order for a new trial is based exclusively upon errors occurring at the trial, where such is the case. It is not necessary to single out the errors but, to make the order appealable, the trial court must make it appear that no element of judicial discretion was exercised, and that can only appear from such a statement as the statute prescribes."

The rule was again adhered to in Citizens State Bank v. Wade, 165 Minn. 396, 206 N. W. 728. Therein the court stated that the order for a new trial was granted on the express authority of a prior decision of this court. The order did not state otherwise that it was based exclusively upon errors occurring at the trial. On appeal therefrom it was urged that such specific reference to the prior case limited the basis of the court's order thereto and served as a compliance with the statutory requirement. In again denying this contention, this court stated (165 Minn. 398, 206 N. W. 728):

"This is not stating expressly that a new trial was granted exclusively for errors of law, and hence the order is not appealable."

In the decisions subsequent to the 1931 amendment of the original § 9498(4) the rule was adhered to, notwithstanding the more general terms of the statute as amended. In G. N. Ry. Co. v. Becher-Barrett-Lockerby Co. 200 Minn. 258, 260, 274 N. W. 522, 523, this court held the order there appealable, and noted that it specifically provided that: "The motion for a new trial is granted exclusively upon the following grounds," following which the errors of law were set forth.

In Thompson v. Mann, 202 Minn. 318, 319, 278 N. W. 153, the rule was affirmed in the following language:

"An appeal may be taken from an order granting a new trial after verdict only when the order * * * is based exclusively on errors of law occurring at the trial, and the court expressly states in its order or memorandum the reasons for and the ground upon which such new trial is granted. . L. 1931, c. 252, 3 Mason Minn. St. 1936 Supp. § 9498(4). * * * In order to render the order granting a new trial appealable, the order or the memorandum must expressly state that the new trial is granted exclusively for errors of law occurring at the trial, and the alleged errors of law upon which the order is based must be expressly stated therein."

See also State ex rel. Weiss v. Moriarty, 203 Minn. 23, 279 N. W. 835.

Under the decisions cited, we cannot escape the conclusion that the order of May 15, 1943, was not an appealable order.

■ It follows that, if such order was nonappealable, the subsequent order of July 24, 1943, refusing to vacate it was likewise nonappealable. "That which cannot be done directly cannot be done indirectly." 1 Dunnell, Dig. & Supp. § 304; Brown v. Minnesota T. M. Co. 44 Minn. 322, 46 N. W. 560; Barrie v. Northern Assur. Co. 99 Minn. 272, 109 N. W. 248; Security State Bank v. Brecht,

150 Minn. 502, 185 N. W. 1021; Marty v. Nordby, 201 Minn. 469, 276 N. W. 739.

The motion to dismiss the appeal is granted.

Appeal dismissed.