JEAN DOERNER v. JOHN ENGLISH AND ANOTHER.[1]

March 22, 1946.

No. 34,167.

*Dell & Rosengren,* for appellant.
*Fred J. Hughes,* for respondent.

MATSON, JUSTICE.

In an action for damages for personal injuries sustained in an automobile accident, the trial resulted in a verdict for the defendant John English and a dismissal as to defendant Howard Duncan. Defendant John English appealed to this court from an order grant-

[1]Reported in 22 N. W. (2d) 217.

ing plaintiff's motion for a new trial. Plaintiff now moves this court for a dismissal of the appeal on the ground that neither the order of the trial court nor the memorandum attached to said order specified, as required by statute, that the granting of the new trial was "based exclusively upon errors occurring at the trial."

The trial court's order states that plaintiff's motion for a new trial was granted "for the reasons particularly specified in plaintiff's notice of motion and hereby made a part of this order by reference." Incorporated as a part of the order is the trial court's memorandum setting forth that a new trial had been granted because of certain errors in the charge to the jury and because of the prejudicial effect of the withdrawal of defendant Duncan's attorney from the trial and the apparent absence of effort to prove a case against Duncan. Plaintiff's notice of motion contained nothing more than certain specific assignments of error. There is no direct statement whatever in the order, the memorandum, or the notice of motion to indicate that the granting of the new trial was "based exclusively upon errors occurring at the trial."

There can be no exceptions to the rule requiring strict compliance with Minn. St. 1941, § 605.09(4), (Mason St. 1940 Supp. § 9498[4]), as amended by L. 1945, c. 463, which provides that an appeal may be taken—

"from an order refusing a new trial, or from an order granting a new trial *if the court expressly states therein, or in a memorandum attached thereto, that the order is based exclusively upon errors of law occurring at the trial and upon no other ground the court shall specify such errors in its order or memorandum;* but upon appeal, such order granting a new trial may be sustained for errors of law prejudicial to respondent other than those specified by the trial court;" (Italics supplied.)

In Miller v. County of Steele, 162 Minn. 85, 86, 202 N. W. 68, we held:

"* * * The statute does not leave the appealability of an order granting a new trial to inferences that it is based upon errors of

law alone. Pust v. Holtz, 134 Minn. 266, 159 N. W. 564. *Trial courts should comply with the statute strictly by expressly stating that the order for a new trial is based exclusively upon errors occurring at the trial,* where such is the case. It is not necessary to single out the errors but, to make the order appealable, the trial court must make it appear that no element of judicial discretion was exercised, and that can only appear from such a statement as the statute prescribes." (Italics supplied.)

Failure to comply with the statute is fatal to this appeal. See, Seorum v. Marudas, 216 Minn. 364, 12 N. W. (2d) 779, a recent and controlling decision, for a review of the principles and decisions in accord with this opinion.

The motion to dismiss the appeal is granted.

Appeal dismissed.