(19 Misc. Rep. 690.)

## GRAHAM v. SAPERY.

(Onondaga County Court.   March, 1897.)

APPEAL—WHEN LIES—ACCEPTING BENEFIT OF JUDGMENT.

Plaintiff, by accepting the amount of a judgment which had been deposited in court, acquiesces in the judgment, and cannot afterwards appeal on the ground that he was entitled to recover more.

Appeal from municipal court.

Action by John Graham against Sarah Sapery. There was a judgment in favor of defendant for $30.32 damages and costs, and plaintiff appeals. Dismissed.

Willis T. Gridley, for appellant.

S. D. Solomon, for respondent.

ROSS, J. Complaint was on an assigned account for goods sold and delivered, and judgment demanded, $35.90. Answer, with other things, tender $30.32, which amount was paid in court. March 20, 1896, judgment was rendered for the plaintiff for $30.32 and costs. April 9, 1896, appeal was taken.

It was conceded upon the argument that upon March 23, 1896, Mr. Willis T. Gridley, appellant's attorney, took out of court the above sum of $30.32. If the court had found the tender sufficient, judgment should have gone against the plaintiff. Murphy v. Telegraph Co., 3 N. Y. Supp. 804; Becker v. Boon, 61 N. Y. 322. And the plaintiff would have had the right, either before or after judgment, to regard the money as his own. The court, by giving judgment for plaintiff, necessarily found that there was no tender; and, defendant taking the appeal, the plaintiff accepts a portion of the benefits of judgment by taking the money deposited in court and belonging to the defendant, being the exact amount of his recovery. In other words, he says: "This is a good judgment for $30.32. I will avail myself of its benefits to this extent, and appeal from the balance, $4.58 and interest, which I claim I should have received in addition to the amount awarded me." This would not seem to be fair, and is not good law. Bennett v. Van Syckel, 18 N. Y. 481–484; Knapp v. Brown, 45 N. Y. 207; Alexander v. Alexander, 104 N. Y. 643, 10 N. E. 37, in which it is said: "It is not denied that he could not be permitted at the same time to take the fruit of the judgment, and appeal from it as erroneous or wrong." And again: "He stands thus in the attitude of holding the fruit of the judgment, to which he may not be entitled if his appeal succeeds, and yet persisting in his appeal. The trouble is that he cannot gain the right to recover more without incurring the hazard of recovering less." The proper disposition of this appeal is a dismissal, rather than an affirmance. Genet v. Davenport, 59 N. Y. 648.

Appeal dismissed, with $10 costs.