PRESCOTT H. JACKSON *vs*. CITY OF BROCKTON.

Plymouth.    March 21, 1902. — June 18, 1902.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Judgment.    Estoppel.    Interest.    Auditor.*

Where a judgment was made up for a principal sum and costs without adding interest from the date of the writ, as should have been done, and the plaintiff in ignorance of the error was paid the amount of the judgment and gave a receipt for it, it was *held*, that the plaintiff was not precluded from maintaining a writ of error to reform the judgment and that he was entitled to have the mistake corrected.

When a claim is liquidated and should have been paid before action brought, and an auditor allowing interest thereon has computed it only to the date of the writ, interest on the amount awarded by the auditor should be computed from that date.  Pub. Sts. c. 171, § 8, properly interpreted does not direct otherwise.

HOLMES, C. J.    This is a writ of error on a judgment in an action on an account annexed.    The error assigned is that it appears by the record that judgment was ·entered upon an auditor's report for the amount of damages found by the auditor and costs, whereas the plaintiff was entitled also to interest from the date of the writ.    It is agreed that the plaintiff was paid the amount of the judgment and gave a receipt for it, he being ignorant of the error at the time.    It does not appear of record that the judgment has been satisfied.

It was not contended that the record does not disclose an error, or that in this proceeding it can be assumed that the interest was remitted by the plaintiff when the record shows no justification for the failure to add it.    The argument for the defendant was only that this error is not such as to entitle the plaintiff to have the judgment reversed, and that if he ever had that right he lost it by accepting payment.

The former proposition is thrown out merely by way of suggestion.    We see nothing in it, and can conceive no reason why a plaintiff should not have a judgment corrected in this way, if, on the face of the record, it gives him too small a sum.    As to the second, no doubt it is a commonplace that a party may preclude himself from setting up error in a judgment by taking

advantage of it, and this rule has been applied not only when execution has been taken out and satisfied, as in *Cassell* v. *Fagin*, 11 Mo. 207, *Ullery* v. *Clark*, 18 Penn. St. 148, *Knapp* v. *Brown*, 45 N. Y. 207, *Paine* v. *Woolley*, 80 Ky. 568, but, in the case of an appeal from an assessment of land damages, when there has been a simple acceptance, like the present, of the sum found below.   *Mississippi & Missouri Railroad* v. *Byington*, 14 Iowa, 572.   But the principle is that of election, *Bennett* v. *Van Syckel*, 18 N. Y. 481, 484, at least when the judgment is formally outstanding, and when a party has taken under a judgment only benefits to which he equally would be entitled if the judgment were reformed, we see no reason why his acceptance of them, especially while ignorant of the mistake, should stand in the way of his getting his additional rights.   *Field* v. *First Massachusetts Turnpike*, 5 Mass. 389.

The question remains whether the interest should be computed from the date of the writ or from the filing of the auditor's report.   In some cases where the amount to be paid is unliquidated until the report is filed it would be unjust to treat the defendant as in default before that time.   Under such circumstances the usual practice under Pub. Sts. c. 171, § 8, is to compute interest from the date of the report.   But when the claim is liquidated and should have been paid before action brought, and when the auditor while allowing interest has computed it only to the date of the writ, it seems to us proper that, for the judgment, interest should be made up from the same time, that is to say from the date of the writ.   It seems unnecessary to consider whether this result is to be reached by construing the words " the time when made " in the statute as meaning the time as of which the report is made as shown by its computation of interest, or by construing the statute merely to fix the minimum of the prevailing party's rights, leaving it open to the court to allow more.   See *Speirs* v. *Union Drop Forge Co.* 180 Mass. 87, 93, and cases cited.

*Judgment reversed.*

*R. O. Harris & A. F. Barker*, for the plaintiff in error.
*W. I. Lane*, for the defendant in error.