WILLIAM BALLINGER v. CONNECTICUT MUTUAL LIFE INSURANCE CO. AND IDA J. HAIGHT, Appellant.

Judgment:   ACCEPTANCE OF:   WAIVER OF ERRORS.   An acceptance of the amount of a judgment, where the sum received is in dispute, is a waiver of all errors involved in rendering it for that amount.

Same:   ISSUES EXAMINED:   DISPUTE:   WAIVER.   Issues examined and found that there was a dispute regarding a portion of the amount involved, and that acceptance was a waiver of errors in the judgment.

*Appeal from Lee District Court.*—HON. HENRY BANK, Judge.

THURSDAY, OCTOBER 9, 1902.

ACTION on an insurance policy on the life of George C. Spencer, issued November 20, 1848. The sole beneficiaries thereunder in January, 1884, were David A. Spencer and Ida J. Boyd (formerly Spencer, and now Ida J. Haight), who executed an assignment of their interest therein to the plaintiff as security for the payment of three notes of $300 each, executed by D. A. Spencer to R. E. Boyd, then husband of Ida J. Haight, and by him indorsed, respectively, to plaintiff, S. M. Clark, and R. C. McIlwain. In return plaintiff signed a paper, in which he acknowledged the purpose of the assignment was "to secure payment of $900 advanced to the said D. A. Spencer," and agreed that, "if the said policy shall become due before the said sum of $900 shall be paid, then I agree to pay over the balance of said policy to the said Ida J. Haight, after first deducting all necessary costs of collecting the same, and after paying the said $900, and interest thereon at such rates of interest as may be necessary to procure and carry said sum of $900." To keep the policy alive, plaintiff had paid a premium of $21.87 November 15, 1898. George C. Spencer died December 15, 1898. The company paid in court the amount due, $2,511.75, and, as Ida J. Haight claimed an interest therein, asked that she be made a party. The plaintiff asked to be allowed the entire amount, and the defendant that the clerk be directed to pay over to her the money in his hands. The court directed him to pay $1,897 to plaintiff, and the balance, less costs, to Ida J. Haight. She appeals.—*Dismissed.*

*H. Scott Howell & Son* for appellant.

*James C. Davis* for appellee.

LADD, C. J.—The insurance company paid the amount f the policy, with interest, $2,511.75, into the hands of the clerk of court, of which $1,897 was ordered to be paid

the plaintiff, and the balance, less costs, or $596.45, to the defendant Ida J. Haight. A few days after the judgment, she received this money and her attorney copy fees of $2.50 taxed in his favor; and thereupon the $1,897 was paid plaintiff, and costs distributed to those entitled to them. An appeal was perfected about five months later. Because of these facts, the appellee moves that it be dismissed. Of course, the acceptance of the amount of a judgment involves a waiver of all errors necessarily involved in rendering it for that amount. *Railroad Co. v. Byington*, 14 Iowa, 572; *Independent District of Altoona v. Dist. Tp. of Deleware*, 44 Iowa, 201; *Buena Vista County v. Iowa Falls & S. C. R. Co.*, 55 Iowa, 160; *Root v. Heil*, 78 Iowa, 436; *Weaver v. Stacey*, 93 Iowa, 688. But when the sum received is not in dispute, there is no such waiver, for no more is taken than in any event must be adjudged to be due. *Dudman v. Earl*, 49 Iowa, 37; *Manufacturing Co. v. Huiske*, 69 Iowa, 559. See *Mountain v. Low*, 107 Iowa, 403. Was there any dispute as to the amount accepted by defendant? This necessarily depends on whether plaintiff was awarded all he claimed. He alleged in his amended petition that he "was unable to state what costs have been expended in the collection of said insurance," as he had not been paid, and declared there to be due "the costs and expenses of the present suit, including attorney's fees, and, in addition thereto, such reasonable compensation as is due plaintiff in his necessary services in attending to the duties of his trust." He also averred that at the time of the execution of said notes "it would have required eight per cent. interest, payable quarterly, to have carried the said sum." The contract signed by him at the time obligated him "to pay over the balance of said policy to the said Ida J. Haight, after first deducting all necessary costs of collecting the same, and, after paying the said $900 and the in-

1. JUDGMENT: acceptance of: waiver of errors.

2. SAME: issues examined: dispute: waiver.

terest thereon, at such rates of interest as may be necessary to procure and carry said sum of $900." Conceding, without deciding, that as it was not found necessary to procure the money of others, the allegation with respect to the current rates of interest raised no issue, and also that there was no ground stated for the claim of compensation for services, yet the claim is made for attorneys fees, as a "necessary cost of collecting" the indemnity, not by virtue of the statute, but by the terms of the defeasance; not to be allowed as earned in the controversy between the plaintiff and defendant, but as having been expended in compelling payment by the company. The word "cost," as employed, evidently does not refer to court costs, but to the expenses which plaintiff might incur. It was stipulated by the parties that, "if the plaintiff is entitled to recover an attorney's fee, that $150 would be a reasonable attorney's fee." The court allowed but $100. In event of reversal, then, if the agreement were to stand, or the reasonable expense shown to be $150, or more, the plaintiff would be entitled to a more favorable judgment than that entered, and the defendant to less than she accepted. A portion of the amount drawn by her then was in dispute, and receiving it, under the decisions mentioned, was a waiver of errors involved in rendering the judgment. The motion to dismiss must be sustained.—DISMISSED.