### W. H. HAYNES, EXECUTOR, v. H. A. HALVERTON.

Decided June 3, 1908.

**1.—Judgment—Payment—Appeal.**

In a suit upon vendor's lien notes, plaintiff recovered judgment for the principal and interest, but the court refused to allow the attorney's fee stipulated for in the notes. Upon rendition of the judgment the plaintiff received from the defendant the amount of the judgment, giving a receipt therefor in which it was stipulated that the money was accepted with the express understanding that the same should in no way affect plaintiff's claim for the attorney's fee. Held, that plaintiff was not thereby estopped from prosecuting an appeal from the judgment of the court in refusing to allow an attorney's fee.

**2.—Note—Tender—Attorney's Fee.**

Where the maker of a note was always ready and willing to pay but was prevented from doing so by the absence of the holder from the State, and the holder upon his return to the State filed suit without demand for payment or notice, and the maker tendered the full amount of principal and interest on the day after suit was filed and renewed the tender on the day of trial, and it further appeared that the holder filed the suit to gratify a personal pique, the holder was not entitled to recover the attorney's fee.

Appeal from the 55th Judicial District, Harris County. Tried below before Hon. W. P. Hamblen.

*O. T. Holt*, for appellant.—The owner and holder of notes having declared the same due for non-payment of interest, and having placed said notes in the hands of an attorney for collection, and suit having been instituted thereon, the maker of the notes is liable for attorney's fees, where the notes provide for such attorney's fees. Dieter v. Bowers, 84 S. W., 847; Levy v. Du Bose, 3 Texas Civ. App., 71; Stansell & Younger v. Cleveland, 64 Texas, 660.

*Sam & Bradley*, for appellee.—A party to a suit cannot, after accepting payment of the amount of the judgment recovered by him, prosecute an appeal from such judgment.

Where a debtor does all in his power to pay a debt, but is unable to do so because of the absence from the State of his creditor, the creditor cannot afterwards object that no tender was made. 28 American

& Eng. Enc. of Law, 10; Ward v. Smith, 7 Wallace, 447; 22 American & Eng. Enc. of Law, 533; 28 American & Eng. Enc. of Law, 23; Haney v. Clark, 65 Texas, 96; Hermes v. Vaughn, 3 Texas Civ. App., 607.

Where an obligor is at the place of payment at the maturity of the obligation, with the necessary funds to pay, and offers to pay the debt, it amounts to a tender; and having once tendered the amount due, it was only necessary that he should thereafter keep himself ready to pay when called upon. 28 American & Eng. Enc. of Law, 10; Ward v. Smith, 7 Wallace, 447.

JAMES, CHIEF JUSTICE.—Appellant sued Halverton on two vendor's lien notes and obtained judgment with foreclosure for the principal and interest thereof, but the court refused to allow the ten percent attorney's fee which the notes stipulated.

Upon the rendition of the judgment plaintiff received from defendant the amount of the judgment rendered, $372.83, and gave this receipt: "I have this day received from the defendant, H. A. Halverton, the sum of $372.83 and credited the same upon judgment and the notes sued on in the above entitled and numbered cause, but said money is accepted with the express understanding that the same shall in no way affect the claim for attorney's fees on said notes. This 6th day of Nov., 1907."

After accepting the money plaintiff asked for the court's conclusions of fact and law, and the court in view of the said receipt upon record, declined to file conclusions except in reference to the matter of attorney's fee.

Appellee contends that plaintiff having accepted satisfaction of the judgment as far as it was rendered in his favor, is estopped to appeal from the judgment affecting the attorney's fees. With this we do not agree.

The evidence is that the interest on the notes had been paid to January 30, 1907, and plaintiff had extended the principal of the notes to January 30, 1908. The notes were payable "on or before" at Houston and called for interest to be paid semi-annually. On or about July 28, 1907, defendant, for the purpose of paying off the notes in full, went to plaintiff's office in Houston, which is the office occupied by plaintiff and O. T. Holt, Esq. Haynes was not in the office and Holt stated that Haynes was out of the State on a vacation, and he did not know when he would return, but that he understood that Walter Torrey was collecting and receiving money due Haynes during his absence. Defendant then went to Torrey's office and told him he wanted to pay the notes, and Torrey told him he did not have them for collection, that they were not in his possession and that he knew nothing about them. Defendant testified further that he has always been ready and willing to pay said notes when presented, and did not learn that Haynes had returned to Houston until September, 1907, and until this suit was filed. Next day he went to Haynes and offered to pay the notes and interest, but Haynes refused to accept unless ten percent attorney's fees were also paid. Haynes told him the reason he had sued without giving defendant notice was because defendant had testified against him in a certain suit. On appearance day defendant again tendered plaintiff the

principal and interest. It appears that Haynes returned to Houston from his trip, on September 1, 1907.

Upon these facts, we agree with the disposition of the matter of attorneys' fee by the trial court, and affirm the judgment.

*Affirmed.*