COSTON *v.* LEE WILSON & COMPANY.

Opinion delivered October 27, 1913.

1.  JUDGMENTS—PAYMENT—RIGHT TO APPEAL.—Plaintiff recovered a judgment against defendants in the circuit court, and accepted payment of the same. *Held*, the judgment being such that it must be sustained or reversed as a whole, plaintiff will not be allowed later to appeal from the judgment of the circuit court. (Page 550.)

2.  DRAINAGE DISTRICTS—CONTRACT OF COMMISSIONERS.—Where C sued a drainage district for his fees for organizing same and recovered judgment and accepted payment by the commissioners of the amount of the judgment, when a taxpayer intervened, an agreement between C and the commissioners that the payment to C would not prejudice his right to appeal from the judgment, will not give to C the right to appeal. (Page 551.)

Appeal from Mississippi Circuit Court, Osceola District; *Frank Smith,* Judge; appeal dismissed.

*J. T. Coston, pro se.*

The acceptance by appellant of $8,000, the amount found by the lower court, when the great weight of the evidence, as appears by the special finding of the court, entitled him to a much greater sum, and when it is, and has been, at all times conceded by the defendant that he was entitled to as much as $10,000, does not estop appellant from prosecuting this appeal. 53 Ark. 515; 67 Ark. 343; 47 N. Y. App. Div. 477; 26 Pac. 225; 2 Cyc. 653; 4 Enc. L. & P. 102; 3 Wall. 701; 107 U. S. 7, 8; 1 N. E. 642, 643; 29 N. W. 623; 18 Atl. 387; 33 N. E. 546; 56 Pac. 76; 4 Ky. Law Rep. 617; 7 *Id.* 364.

*Allen Hughes* and *Charles T. Coleman,* for appellee.

The appeal should be dismissed because the appellant has collected the judgment, and, by acceptance of a benefit under the judgment inconsistent with the appeal, has waived the right of appeal. 24 Ark. 14; 53 Ark. 514; 77 Pac. 212; 2 Cent. Dig., "Appeal and Error," § 162; 4 Enc. Law & Prac. 101; 2 Cyc. 652.

McCULLOCH, C. J. Mr. Coston, the appellant, was attorney for the Grassy Lake & Tyronza Drainage District No. 9, of Mississippi County, in the organization of the district, the sale of bonds, and other matters concerning the business thereof, and this case involves a controversy between him and the taxpayers of the district concerning the amount of his fee. Appellees, as taxpayers, intervened in the proceeding before the county court for the allowance of the fee. Appellant claimed $20,000, and both sides appealed from an order of the county court fixing the fee at $12,500. The case was tried in the circuit court on appeal, and the fee was fixed at the sum of $8,000.

The judgment of the circuit court was rendered in March, 1912, and some time during the month of May of the same year the commissioners of the district paid to appellant the sum of $8,000, the amount of the judgment, and took his receipt therefor, which stipulated that he accepted the sum without prejudice to his right to prosecute an appeal.

He prayed an appeal from the clerk of this court on March 28, 1913, just before the expiration of the time, and the appeal was granted.

Appellees now move the court for the dismissal of the appeal on the ground that appellant is estopped by reason of having accepted payment of the judgment.

This question was decided in favor of the contention of appellees in the case of *Watkins* v. *Martin,* 24 Ark. 14, where the court, speaking through Mr. Justice COMPTON, held that, "Where a party has recovered a judgment, and received the amount of it from defendant, he will not be permitted to reverse the judgment on error."

The only distinction between that case and this is, that, in the former the plaintiff collected the judgment upon process issued at his instance, whereas, in the present case, the payment was voluntarily made by the commissioners of the district. That, however, is a distinction without a controlling difference, for it is the acceptance which amounts to a waiver of the right of appeal, regardless of the manner in which the fruits of the judgment are secured.

Nor is the principle altered by the fact that payment was voluntarily made by the commissioners of the district upon stipulation that it was not to prejudice appellant's right to prosecute his appeal. This is a controversy between the taxpayers and appellant, and the commissioners had no authority to deprive the latter, by making a voluntary payment, of their right to contest.

In the case of *Bolen* v. *Cumby*, 53 Ark. 514, Chief Justice COCKRILL, speaking for the court, stated the rule as follows:

"A party may prosecute his appeal from a judgment, partly in his favor and partly against him, even after accepting the benefit awarded him by the judgment, provided the record discloses that what he recovers is his in any event—that is, whether the judgment be reversed or affirmed. But he waives his right to an appeal by accepting a benefit which is inconsistent with the claim of right he seeks to establish by the appeal."

It will be noticed that the right to prosecute an appeal turns upon the question whether the party merely accepts that which is "his in any event," for, if his right to recover the amount paid is in dispute, his acceptance of the amount cuts off the right of the other party to further contest the claim in the event of a reversal, and he can not be allowed to occupy the inconsistent position of further prosecuting his appeal.

The rule is clearly stated in the Cyclopedia of Law and Procedure, vol. 2, p. 652, as follows:

"It is the general rule that if the prevailing party obtains a judgment or decree which is so indivisible that

it must be sustained or reversed as a whole, he can not prosecute an appeal or writ of error to reverse it after having accepted money voluntarily tendered by the judgment debtor in discharge or partial satisfaction of it. * * * But this rule has no application to cases where the appellant is shown to be so absolutely entitled to the sum collected upon the judgment that the reversal of it will not affect his right to it.''

Many authorities are cited in support of the text, which we conceive to be sound in principle and in accord with the views already expressed by this court in the cases cited above.

The Supreme Court of Idaho, in a well-considered opinion (*Bechtel* v. *Evans,* 10 Idaho 147, 77 Pac. 212) lays down the following test, which we think is a clear and correct statement of the true rule:

''If the party has collected his judgment, and, in seeking to gain more by the prosecution of an appeal, thereby incurs the hazard of eventually recovering less, then his appeal should be dismissed. If, on the other hand, the appeal is from such an order or judgment as that he could in no event recover a less favorable judgment, and that he incurs no hazard of ever receiving less than the judgment already collected by him, we see no objection to the prosecution of his appeal.''

Now, testing the present case by that rule, it is clear that appellant has waived his right to prosecute an appeal from the judgment in his favor. The whole amount of his fee was in controversy, and there was evidence tending to fix it at an amount much less than he recovered below, or much more than he recovered. If the judgment should be reversed, and the amount had not already been paid to him, he would take the hazard of recovering less, but since he has accepted the amount tendered, he has cut off the right of the appellees to test his right, in another trial, to recover that amount. It follows that the appeal must be dismissed, and it is so ordered.

SMITH, J., not participating.