JOSEPH A. BASS v. M. J. RING AND OTHERS.[1]

July 11, 1941.

No. 32,665.

[1]Reported in 299 N. W. 679.

*Snyder, Gale & Richards* and *Edmund T. Montgomery,* for appellant.

*Arthur H. Lindeman,* for respondents.

STONE, JUSTICE.

In this action, somewhat in the nature of one for an accounting, plaintiff got judgment for a smaller amount than claimed. He appeals.

As of May 31, 1935, plaintiff was owner of 40 per cent, and defendants M. J. and Vera Ring had the other 60 per cent, of the stock of the Ring Construction Company, then a successful going concern in the business indicated by its name. By written contract, plaintiff agreed to sell and defendants to buy his stock for its then book value, to be determined by audit, with the privilege on either side to have another made as a check upon the first. Exercising the option, plaintiff caused a second audit to be made of the books of the construction company. There resulted a disagreement as to the price of his stock. This lawsuit is the result. More of the facts will appear later.

Defendants have moved to dismiss the appeal. They insist that plaintiff, having accepted benefit under the judgment, is now estopped to attack it by appeal. On that phase, the brief facts are these: The complaint stated but one cause of action, but it consisted of many items. Plaintiff prevailed below on enough of them so that judgment was ordered in his favor for the principal sum of $5,406.54. When the decision and order were made, there were certain items in controversy which could not then be determined. So the order was that the sum due plaintiff should be de-

posited in escrow for six months, pending the determination of the then undetermined claims. They were disposed of and plaintiff accepted his money. That acceptance was in writing and contained what was an attempt to reserve the right of appeal. That effort, so far as we can see, does not affect the issue one way or the other.

The reason of the rule, that ordinarily one taking any benefit of a judgment cannot attack it by appeal, is that the party accepting has by his conduct granted "a release of errors." There can be no such "release of errors, operating as a bar to the further prosecution of an appeal or writ of error * * * except from conduct which is inconsistent with the claim of a right to reverse the judgment or decree, which it is sought to bring into review." Embry v. Palmer, 107 U. S. 3, 8, 2 S. Ct. 25, 29, 27 L. ed. 346. Followed, Reynes v. Dumont, 130 U. S. 354, 9 S. Ct. 486, 32 L. ed. 934.

The rule is thus generalized in 2 Am. Jur., Appeal and Error, § 215—"where the reversal of a judgment cannot possibly affect an appellant's right to the benefit secured under a judgment, then an appeal may be taken, and will be sustained, despite the fact that the appellant has sought and secured" the benefit which he has already accepted. The reason is that in such a case "it is possible for the appellant to obtain a more favorable judgment in the appellate court without the risk of a less favorable judgment from a new trial of the whole case there or in the lower court." In such posture of the litigation, "the acceptance of what the judgment gives him is not inconsistent with an appeal for the sole purpose of securing, without retrial of the whole case, a decision more advantageous to him."

The authorities cited in support of that statement are numerous. Typical is Tyler v. Shea, 4 N. D. 377, 381, 61 N. W. 468, 469, 50 A. S. R. 660. The decision therein is well reasoned and its logic convincing. Its conclusion, in general terms, was this:

"Where the reversal of the judgment cannot possibly affect the appellant's right to the benefit he has secured under the judgment,

then an appeal may be taken, and will be sustained, despite the fact that the appellant has sought and secured such benefit."

For the cases in accord, too numerous to mention here, see Annotation, 29 L.R.A.(N.S.) 1, 29-36.

True, plaintiff started with but one cause of action. But, it was divisible into distinct and separate parts or fractions. The decision below, awarding plaintiff certain of such parts or fractions, is final inasmuch as defendant has acquiesced by making payment. By its operation there has been accomplished as complete a severance of the several items in controversy as though plaintiff had declared at the outset on separate causes of action.

The decisive thing is that plaintiff is doing nothing inconsistent in his challenge by appeal of so much of the decision as denies him additional relief. There being no inconsistency in plaintiff's position and conduct, there can be no estoppel. Without an estoppel, there is no release of errors. Embry v. Palmer, *supra*. Defendants' motion to dismiss the appeal is therefore denied.[2]

 For decision on the merits additional facts must be mentioned. The construction company had been actively engaged in several states. Some of the issues antedate in origin the organization of the corporation, when, for a considerable period, plaintiff and M. J. Ring operated first as employe and employer, and later as partners. When the corporation was organized the bookkeeping for all of the enterprises went on without a break. That is, no new set of books or system of accounting was opened for the corporation. With that general statement, we go to the two items as to which we find the decision below in error.

The net worth or book value of the corporation, determinative of the book value of its stock, was but the favorable difference between its assets and liabilities correctly computed. In the main,

---

[2]Our cases are collected and summarized in 1 Dunnell, Minn. Dig. (2 ed. & 1932 Supp.) § 287. Thwing v. McDonald, 134 Minn. 148, 156 N. W. 780, 158 N. W. 820, 159 N. W. 564, Ann. Cas. 1918E, 420, is a case where a party prevailing in part and accepting benefit under a judgment was permitted by appeal to make a successful challenge of it.

if not altogether, its assets, and especially its surplus, reflected the profits on construction jobs. It appears without contradiction that the corporation was twice charged, and defendant M. J. Ring twice credited, with an item of $7,000. Both charge and credit were duplicated. The result was to make its net worth, and in consequence the book value of the company's stock, appear to be $7,000 less than it was in fact. As found below, the $7,000 was a proper charge against the corporation and in favor of Ring. The error lies in not correcting the duplication of that charge and credit. The effect of that duplication was to raise the charge and accompanying credit to $14,000, whereas it should have been $7,000.

Inasmuch as this error of $7,000 made a corresponding and erroneous reduction of the book value of the stock which plaintiff was selling, he is entitled to recovery thereon in the principal sum of 40 per cent of $7,000, or $2,800.

There is another item of $7,982.91 credited to M. J. Ring and charged to the company. The underlying explanatory entry concerning it is that it was "paid in by M. J. Ring prior to June 1, 1930, apparently." The accountants on both sides throw no further light on it. There is testimonial speculation as to whether it was cash paid in by Ring or an item of profit. So far as accounting record goes, there is only the bare entry to justify the combined charge to the corporation and credit to Ring. The important thing is that Mr. Ring made no attempt to substantiate the entry. The finding on the point is that plaintiff's contention "is not sustained by the evidence and that said item has no relation whatever to the final computation of the book value of the stock."

The latter part of that statement is obviously error in any view, for any charge against the corporation, with corresponding credit to another, necessarily decreased its net worth with a corresponding lessening of the book value of its stock.

The error probably arose in this fashion. True, as argued for defendants, the burden was upon plaintiff to prove his case, and

all of it, by fair preponderance of the evidence. But, in respect to this item, plaintiff made a *prima facie* case, one which without opposing evidence should have prevailed. Plaintiff adduced all the evidence to be expected from him. When the entry was made, the accounting was under the exclusive control of Mr. Ring. The resulting record of the item is of such ambiguous nature that, with the explanatory evidence from the accountants, it shifted to Mr. Ring the burden of going on with evidence to justify the large credit to him with the corresponding charge against the corporation. He attempted no such explanation. The facts were within his knowledge, or should have been. We hold, therefore, that as to this item plaintiff should have prevailed to the extent of 40 per cent of what appears on the present record to be an erroneous charge, by so much reducing the book value of the corporation's assets and its stock. The additional recovery should be 40 per cent of $7,982.91, or $3,193.16.

Other claims for plaintiff have been argued. It is not for us to say whether the decision concerning them is right or otherwise. It is enough that we cannot escape the conclusion that they present issues of fact, the decision of which below is supported by the evidence and reasonable inferences therefrom. They are referable in the main to certain ambiguous language in the original contract. Thereby certain items were expressly and deliberately compromised. Because of the ambiguity at that point testimony was received concerning negotiations at the time. We cannot say that as to these additional items the decision does not have the support of evidence.

The case must be remanded with direction to modify the judgment so as to increase plaintiff's recovery in the sum of $2,800 plus $3,193.16 or $5,993.16. With such modification the judgment will be affirmed.

Judgment modified as stated.

604

HILTON, JUSTICE (dissenting).

With the conclusion reached by Mr. Justice Stone upon the motion to dismiss the appeal, I cannot agree. Respondents have contended that appellant, having accepted the benefits of the judgment, cannot now appeal from its nonbeneficial aspects. In support of this rule, courts have said that it imposes upon litigants a requirement of consistency which is not satisfied where a party accepts benefits from a judgment with one hand and attacks it with the other. Harte v. Castetter, 38 Neb. 571, 57 N. W. 381; McGrew v. Grayston, 144 Ind. 165, 41 N. E. 1027; Webster-Glover Lbr. & Mfg. Co. v. St. Croix County, 71 Wis. 317, 36 N. W. 864; McKain v. Mullen, 65 W. Va. 558, 64 S. E. 829, 29 L.R.A.(N.S.) 1. Other reasons such as waiver or estoppel are advanced in support of this result, but all rationales are but particularized instances of the policy which prohibits one from accepting benefits of a judgment to which he may not be entitled while protesting to a higher court that he did not get enough. Portland Constr. Co. v. O'Neil, 24 Or. 54, 32 P. 764; Coston v. Lee Wilson & Co. 109 Ark. 548, 160 S. W. 857; Tyler v. Shea, 4 N. D. 377, 61 N. W. 468, 50 A. S. R. 660; Holt v. Rees, 46 Ill. 181; Graham v. Sapery, 19 Misc. 690, 44 N. Y. S. 1109.

In light of this policy, the exceptions to the rule assume proper perspective. Under the one exception, appeal is allowed notwithstanding acceptance of benefits where appellant's right thereto cannot be challenged, modified, or affected by the decision on appeal. Embry v. Palmer, 107 U. S. 3, 2 S. Ct. 25, 27 L. ed. 346; Ballinger v. Connecticut Mut. L. Ins. Co. 118 Iowa, 23, 91 N. W. 767; Jackson v. City of Brockton, 182 Mass. 26, 64 N. E. 418, 94 A. S. R. 635; Mellen v. Mellen, 137 N. Y. 606, 33 N. E. 545. Under the other exception, appeal is allowed where the claim on which benefits have been accepted is severable from, unrelated to, and not mutually dependent upon the claim for which reversal is sought. Fiedler v. Howard, 99 Wis. 388, 75 N. W. 163, 67 A. S. R. 865; Thwing v. McDonald, 134 Minn. 148, 156 N. W. 780, 158

N. W. 820, 159 N. W. 564, Ann. Cas. 1918E, 420; Gilfillan v. McKee, 159 U. S. 303, 16 S. Ct. 6, 40 L. ed. 161; Worthington v. Beeman (7 Cir.) 91 F. 232; Woeltz v. Woeltz, 93 Tex. 548, 57 S. W. 35.

There are contentions here that the facts remove the case from the general rule. It is said that the claims on which appellant was successful below are separable from those for which reversal is sought. Therefore, the rule as to consistency is said to be satisfied because appellant's right to the benefits already received cannot be disturbed here. However, in my opinion, the facts do not admit of this disposition.

The contract here determined the purchase price of appellant's shares by reference to their book value on December 31, 1934. That contract also permitted each party to verify the correctness of this figure. Claiming to have discovered errors adversely affecting the book value, appellant brought this action for accounting and money. To establish this claim, it was necessary for appellant to demonstrate that the errors disclosed by the new audit had a depressive effect upon the agreed book value and had not been compromised in the contract. Unless an adverse effect upon the agreed book value was shown, entries, even though erroneous, had no bearing in the lawsuit. As to some items it was found that appellant had been prejudiced in the computation of the agreed book value; as to others, either the evidence failed to support, or the court found that they had been compromised in the contract. While it is true that there is apparent separateness between some of the items, yet none have any independent legal significance apart from their relation to the agreed book value. Thus each item should not be regarded as a separate claim or cause of action. There is only one claim of which they form a part. Under the decisions, these items are not within the exception. McMullen v. Fort Pierce F. & Constr. Co. 108 Fla. 492, 146 So. 567; In re Black's Estate, 32 Mont. 51, 79 P. 554; Hyland v. Hogue, 131 Kan. 512, 292 P. 750; Larson v. Vinje (Iowa) 109 N. W. 786; Mastin v. May, 130 Minn. 281, 153 N. W. 756; Allen

v. Bank of Angelica (2 Cir.) 34 F. (2d) 658; Webster-Glover Lbr. & Mfg. Co. v. St. Croix County, 71 Wis. 317, 36 N. W. 864.

To a lesser degree than contended, appellant was successful in establishing that as permitted by the contract the agreed book value should be favorably modified. Save as to the item for $60, respondents never conceded the propriety of any modification. It was only through the judgment that appellant's claim was established in law. At this point a choice was open to appellant: either to appeal or to recognize the judgment as an adjudication of rights. Wright, Barrett & Stilwell Co. v. Robinson, 79 Minn. 272, 82 N. W. 632. It cannot be denied that by accepting the money which respondents deposited in escrow appellant recognized the validity of the judgment. Proper procedure would have been to leave the money undisturbed while taking an appeal. Withdrawal was certainly not necessary. *Cf.* Spratt v. Spratt, 140 Minn. 510, 166 N. W. 769, 167 N. W. 735. Thus that acceptance of benefits by appellant should bar this appeal.

Appellant's attempted reservation of the right to appeal while accepting the benefits of the judgment is not effective here since the claims are not divisible. Coston v. Lee Wilson & Co. 109 Ark. 548, 160 S. W. 857; Hyland v. Hogue, *supra;* Flowers v. Hughes, 46 La. Ann. 436, 15 So. 14; Raines v. Dunson, 143 La. 321, 78 So. 574; *cf.* Haynes v. Halverton, 51 Tex. Civ. App. 228, 111 S. W. 166; City of Seattle v. Liberman, 9 Wash. 276, 37 P. 433. The motion to dismiss this appeal should have been granted.

GALLAGHER, CHIEF JUSTICE (dissenting).

I concur in the dissent.

PETERSON, JUSTICE (dissenting).

I concur in the dissent.