SYLLABUS

This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court and may not summarize all portions of the opinion.

### Linda B. Brehme v. Thomas Irwin (A-40-23) (089025)

**Argued October 7, 2024 -- Decided January 15, 2025**

**FASCIALE, J., writing for a unanimous Court.**

In this appeal, the Court considers whether a plaintiff who (1) accepts full payment of an automobile personal injury final judgment -- awarding damages for pain and suffering, disability, impairment, loss of enjoyment of life, and past lost wages -- and (2) executes a warrant to satisfy that judgment, may then appeal an in limine ruling barring evidence of future medical expenses.

Defendant Thomas Irwin rear-ended plaintiff Linda Brehme's car. Brehme's Personal Injury Protection (PIP) carrier paid benefits, but not up to the policy limits. Brehme filed a personal injury complaint against Irwin. At trial, Brehme moved to admit into evidence her projected future medical expenses. The trial judge denied the motion because Brehme had not exhausted her PIP limits.

The jury awarded Brehme $225,000 "for pain, suffering, disability, impairment and loss of enjoyment of life," $50,000 for past lost wages, and $0 for future lost earnings. On July 7, 2022, the judge entered the final judgment.

Irwin's carrier paid the final judgment, which Brehme's counsel deposited into his trust account. Brehme's counsel also signed a warrant to satisfy judgment dated July 18, 2022. On July 29, 2022, Brehme's counsel wrote to the judge stating that he was "attempting to file an appeal regarding the barring of Brehme's claim for future medical expenses." On August 8, 2022, Irwin filed the warrant to satisfy judgment with the trial court. That same day, Brehme filed her Notice of Appeal (NOA) from the final judgment.

The Appellate Division dismissed Brehme's appeal as moot, noting that Brehme "accepted and received the full [final] judgment amount" and later "signed a warrant to satisfy judgment" before indicating her desire to appeal. The Court granted certification. 257 N.J. 424 (2024).

**HELD:** When a plaintiff accepts a final judgment, that party may still appeal if the party can show that (1) it made known its intention to appeal prior to accepting

1

payment of the final judgment and prior to executing the warrant to satisfy judgment, and (2) prevailing on the appellate issue will not in any way impact the final judgment other than to potentially increase it. Because Brehme cannot show either that she expressed her intention to appeal before accepting payment of the final judgment and before her counsel executed the warrant to satisfy the judgment or that the appeal will not impact the final judgment other than to increase it, Brehme's appeal cannot proceed. For that reason, no decision rendered can affect the outcome of the case, and her appeal was properly dismissed as moot.

1. Relying on Rules 2:4-1 and 4:48-1, Brehme argues that her appeal is not moot. But although neither rule expressly bars her appeal, neither squarely supports its vitality. Under Rule 2:4-1, "appeals from final judgments of courts . . . shall be filed within 45 days of their entry." Brehme complied with the deadline in Rule 2:4-1, but that Rule does not expressly address whether a plaintiff can accept full payment of a final judgment, execute a warrant to satisfy that judgment, and then still appeal. Rule 4:48-1 provides that when a party satisfies a final judgment, "a warrant shall be executed [by anyone entitled to receive satisfaction] and delivered to the party making satisfaction." Brehme's emphasis on the fact that she filed the NOA on the same day that Irwin filed the warrant is misplaced; the key is when a party signs a warrant to satisfy judgment, not when the warrant is filed. Rule 4:48-1 does not explicitly address the legal effect of accepting a judgment and executing a warrant to satisfy the judgment before filing a notice of appeal. (pp. 8-10)

2. Under the common law, the long-standing rule was that when a litigant accepts the benefit awarded by a final judgment, that litigant is precluded from afterward challenging the validity of the conditions by an appeal. But in Adolph Gottscho, Inc. v. American Marking Corp., the Court clarified that the issue of appealability is more nuanced: a party is not estopped from appealing a separable issue, even when a party accepts the benefits of a final judgment, if the only issue raised on appeal would increase the benefit awarded to the party appealing, but not impact the accepted, underlying final judgment. 26 N.J. 229, 242 (1958). The Gottscho Court highlighted the factual timeline as well: the plaintiff in Gottscho made known its intent to cross-appeal prior to accepting the judgment "while it at all times continued to assert that an additional sum was due." Ibid. Therefore, when a plaintiff accepts a final judgment, that party may still appeal if the party can show that (1) it made its intention to appeal known prior to accepting payment of the final judgment and prior to executing a warrant to satisfy that judgment, and also that (2) prevailing on the appellate issue will not in any way impact the final judgment other than to potentially increase it. (pp. 10-15)

3. Here, as to the first prong, Brehme did not make her intention to appeal known prior to accepting payment of the final judgment and prior to executing a warrant to satisfy that judgment. Making an intent to appeal known includes the requirement

2

that the plaintiff inform the party paying the final judgment that the plaintiff still intends to appeal. A defendant may pay a final judgment for several reasons. The most obvious reason is to end the litigation. Final payment and execution of a warrant to satisfy judgment without the other party's knowledge that a plaintiff plans to appeal does not promote finality, efficiency, or fairness. A plaintiff's expression of intent to appeal must be made before accepting payment of the final judgment and before executing the warrant to satisfy judgment in order to best effectuate the purposes that underlie Rule 2:4-1. (pp. 16-17)

4. As to the second prong, prevailing on the issue of whether a plaintiff can admit into evidence future medical expenses in a civil suit even though her PIP limits have not yet been exhausted would require vacating the final judgment because a claim for future medical expenses is not separable from seeking compensation for pain and suffering. A subsequent jury's consideration of the factors to determine future medical expenses may impact the final judgment in this case because the earlier jury already considered the same factors when deciding how much to award Brehme for pain and suffering. And because Brehme did not receive treatment for three years, it is possible that a subsequent jury could consider the evidence differently to find that she is entitled to less damages. The evidentiary issue raised on this appeal is not separable from the underlying final judgment, and Brehme cannot show it will only increase the final judgment. (pp. 18-20)

5. The Court refers this matter to the Civil Practice Committee to assess whether to clarify Rule 4:48-1. (p. 20)

**AFFIRMED.**

**CHIEF JUSTICE RABNER and JUSTICES PATTERSON, PIERRE-LOUIS, WAINER APTER, NORIEGA, and HOFFMAN join in JUSTICE FASCIALE's opinion.**

SUPREME COURT OF NEW JERSEY
A-40 September Term 2023
089025

Linda B. Brehme,

Plaintiff-Appellant,

v.

Thomas Irwin,

Defendant-Respondent,

and

New Jersey Manufacturers
Insurance Company,

Defendant.

On certification to the Superior Court,
Appellate Division.

Argued                     Decided
October 7, 2024        January 15, 2025

Gerald H. Clark argued the cause for appellant (Clark
Law Firm, attorneys; Gerald H. Clark, Jake Antonaccio,
and Lazaro Berenguer, of counsel and on the briefs).

Carl Mazzie argued the cause for respondent (Foster &
Mazzie, attorneys; Carl Mazzie, on the brief).

Stephen J. Foley, Jr., argued the cause for amicus curiae
New Jersey Defense Association (Campbell, Foley,

1

Delano & Adams, attorneys; Stephen J. Foley, Jr., on the brief).

JUSTICE FASCIALE delivered the opinion of the Court.

In this appeal, we must determine whether a plaintiff who (1) accepts full payment of an automobile personal injury final judgment -- awarding damages for pain and suffering, disability, impairment, loss of enjoyment of life, and past lost wages -- and (2) executes a warrant to satisfy that judgment, may then appeal an in limine ruling barring evidence of future medical expenses.

We hold that when a plaintiff accepts a final judgment, that party may still appeal if the party can show that (1) it made known its intention to appeal prior to accepting payment of the final judgment and prior to executing the warrant to satisfy judgment, and (2) prevailing on the appellate issue will not in any way impact the final judgment other than to potentially increase it. In this case, plaintiff Linda Brehme appealed without satisfying either prong. The Appellate Division therefore correctly dismissed the appeal as moot without reaching the merits.

We affirm.

Defendant Thomas Irwin, now deceased, rear-ended Brehme's car in December 2016 and admitted that he was at fault in the accident. Brehme had a $250,000 Personal Injury Protection (PIP) policy. The PIP carrier, New Jersey Manufacturers Insurance Company (NJM), paid approximately $142,900 in benefits. Brehme never exhausted her remaining PIP limits. Brehme asserts that NJM cut her off from PIP benefits, but it is unclear exactly when that occurred or on what basis.[1]

In October 2018, Brehme filed a personal injury complaint against Irwin.[2] Three years and eight months later, the parties tried the case on damages only because Irwin admitted liability. Although she received no medical treatment for three years prior to the trial, in June 2022, Brehme relied on an amended collateral source rule, N.J.S.A. 39:6A-12,[3] and moved to admit

---

[1] Brehme's counsel stated that he represents Brehme in this case, not "in connection with any PIP matters." He verified that "the propriety of [NJM's] decision to cut off [Brehme] . . . was [not] litigated in any forum." The parties reference a PIP cut-off letter and PIP ledger, but neither was provided in the record on appeal.

[2] In her complaint, Brehme also asserted uninsured motorist and underinsured motorist claims against NJM, which she later dismissed.

[3] N.J.S.A. 39:6A-12 addresses the inadmissibility of evidence of losses collectible under PIP coverage. On August 15, 2019, Governor Philip D. Murphy signed two bills into law that amended N.J.S.A. 39:6A-12.

into evidence her projected future medical expenses. The trial judge denied the motion because Brehme had not exhausted her PIP limits. During trial that month, the judge denied reconsideration. Prior to appealing from the final judgment, Brehme did not seek leave to appeal from the interlocutory evidentiary ruling barring her claim for future medical expenses.

By a vote of six to one, the jury awarded Brehme $225,000 "for pain, suffering, disability, impairment and loss of enjoyment of life." Unanimously, it also awarded $50,000 for past lost wages and $0 for future lost earnings. The total verdict was $275,000. On July 7, 2022, the judge entered the final judgment, which included pre- and post-judgment interest.[4]

Irwin's carrier paid the final judgment, which Brehme's counsel deposited into his trust account. Brehme's counsel also signed a warrant to satisfy judgment dated July 18, 2022. On July 29, 2022, after Brehme accepted payment of the final judgment and the warrant had been executed, Brehme's counsel wrote to the judge stating that he was "attempting to file an

---

Governor's Statement Upon Signing S. 2432 & S. 3963 (Aug. 15, 2019). One of those laws, L. 2019, c. 244, provides that the act shall "apply to causes of action pending on that date or filed on or after that date." This lawsuit was pending as of August 15, 2019, so the amendment would apply here, but we do not reach the question of whether the judge erred by barring evidence of future medical expenses because we determine that Brehme waived her right to appeal.

[4] The total amount was $311,435.59.

4

appeal regarding the barring of Brehme's claim for future medical expenses."

In that letter, he submitted a proposed order under the five-day rule, Rule 4:42-1(c), which purportedly memorialized the ruling barring evidence of future medical expenses.

On August 8, 2022, Irwin filed the warrant to satisfy judgment with the trial court. That same day, Brehme filed her Notice of Appeal (NOA) from the final judgment.[5] Thus, Brehme filed the NOA three weeks after she had accepted payment of the final judgment, and three weeks after her counsel executed the warrant to satisfy judgment.

The Appellate Division concluded that "[Brehme] never advanced, either on the record or in writing, that she intended to pursue her claim for future medical expenses." Rather, she "accepted and received the full [final] judgment amount" and later "signed a warrant to satisfy judgment" before indicating her desire to appeal: "[Brehme]'s receipt and acceptance of the . . . [final] judgment precluded her appeal challenging the trial judge's denial of

---

[5] The clerk's office marked the NOA as deficient "for not uploading a signed copy of the order [Brehme] is appealing." Brehme perfected her appeal and then obtained an appellate order allowing her to include the evidentiary ruling excluding evidence of future medical expenses as part of her appeal from the final judgment. Brehme's appeal is thus from the final judgment; she challenges the trial judge's ruling excluding evidence of future medical expenses.

future medical expenses." That court did not reach the merits of Brehme's appeal.

We granted Brehme's petition for certification. 257 N.J. 424 (2024). We also granted the New Jersey Defense Association's (NJDA)'s motion for leave to appear as amicus curiae.[6]

## II.

Brehme argues that she filed her NOA within the forty-five-day deadline under Rule 2:4-1 and that the rule does not require a party to announce its decision to appeal before that deadline. She contends that although her attorney executed the warrant to satisfy judgment before writing the judge to request an order that memorialized his evidentiary ruling, she preserved her right to appeal since she filed the NOA on the day that Irwin filed the warrant to satisfy judgment under Rule 4:48. Brehme argues that under this Court's jurisprudence, she should be permitted to appeal the earlier trial evidentiary ruling excluding her future medical expenses claim and that the appellate court erred by dismissing her appeal as moot.

Irwin asserts that Brehme failed to clearly make her intention to appeal known before she accepted the benefits of the final judgment. And Irwin

---

[6] The NJDA focused on the merits of Brehme's appeal. Because we now affirm the dismissal of the appeal as moot, we do not address the merits.

argues that if Brehme prevails on the merits -- by obtaining permission to admit into evidence future medical expenses even though her PIP limits have not yet been exhausted -- the only remedy would be to vacate the final judgment for a new damages trial because evidence of pain and suffering and future medical expenses are not separable. He adds that prevailing on appeal would nullify the final judgment, rather than potentially increase it, contrary to case law.

III.

Here, the Appellate Division concluded that Brehme's appeal is moot. "An issue is moot 'when [this Court's] decision sought in a matter, when rendered, can have no practical effect on the existing controversy.'" In re Proposed Constr. of Compressor Station (CS327), 258 N.J. 312, 327 (2024) (quoting Redd v. Bowman, 223 N.J. 87, 104 (2015)). To reach that determination, we must consider both the relevant legal standards and their application to the facts of a case. "A court will generally search the record to determine if an appeal is actually moot or whether the parties have some continuing interest in the outcome." Mandel on N.J. Appellate Practice § 3:3-2 at 55 (2024). The general approach is to "carefully evaluat[e] the record for a continuing interest." Id. at 56; see, e.g., Sente v. Mayor & Mun. Council of Clifton, 66 N.J. 204, 209 (1974) (thoroughly evaluating the record and holding

7

that an appeal was moot and that the Appellate Division should not have entertained it).  In our review of the record, "we accept the trial court's findings of fact, but we need not defer to the trial court's legal conclusions reached from the established facts."  State v. L.H., 206 N.J. 528, 543 (2011) (quoting State v. Jefferson, 413 N.J. Super. 344, 352 (App. Div. 2010)); see also Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995) ("A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference.")).

Relying on Rules 2:4-1 and 4:48-1, Brehme argues that her appeal is not moot because it complies with the court rules.  We conclude, however, that although neither rule expressly bars her appeal, neither squarely supports its vitality.

Under Rule 2:4-1, "appeals from final judgments of courts . . . shall be filed within 45 days of their entry."  It is well known that Rule 2:4-1 promotes finality, efficiency, and justice.  See, e.g., In re Est. of Pfizer, 6 N.J. 233, 239 (1951) ("[I]t is of the utmost importance that at some point judgments become final and litigations come to an end."); Mandel, § 19:1-2 at 400 ("[A]t some point, final actions . . . in litigated cases should be insulated from appeal and potential alteration.").

8

Here, the judge entered final judgment on July 7, 2022, and Brehme filed her NOA from that judgment on August 8, 2022. Brehme thus complied with Rule 2:4-1's forty-five-day deadline. The fact that she never sought leave to appeal from the interlocutory ruling barring evidence of future medical expenses does not change that compliance, but rather reflects the "general policy in favor of 'restrained appellate review of issues relating to matters still before the trial court' to avoid piecemeal litigation." Harris v. City of Newark, 250 N.J. 294, 312 (2022) (quoting Moon v. Warren Haven Nursing Home, 182 N.J. 507, 510 (2005)). The Appellate Division's order that "[t]he appeal from the final judgment may include [Brehme]'s argument that the trial court erred in its interlocutory ruling that [Brehme] could not present a claim for future medical expenses" reflects as much.

But although Brehme complied with the deadline in Rule 2:4-1, that Rule does not expressly address whether a plaintiff can accept full payment of a final judgment, execute a warrant to satisfy that judgment, and then still appeal.

Nor does Rule 4:48-1 address that issue. Rule 4:48-1 provides that when a party satisfies a final judgment, "a warrant shall be executed [by anyone entitled to receive satisfaction] and delivered to the party making satisfaction." Executing a warrant to satisfy judgment means that a party signed the warrant.

9

Thus, Brehme's emphasis on the fact that she filed the NOA on the same day that Irwin filed the warrant is misplaced; the key is when a party signs a warrant to satisfy judgment, not when the warrant is filed. Accepting payment of the final judgment and then executing the warrant to satisfy judgment -- before filing the NOA -- constitutes sufficient acknowledgment by Brehme that the final judgment was valid.

Brehme asserts that Rule 4:48-1 does not alter the forty-five-day period prescribed in Rule 2:4-1, and that is true. But Rule 4:48-1 also does not explicitly address the legal effect of accepting a judgment and executing a warrant to satisfy the judgment before filing a notice of appeal.

Our common law, however, has addressed in other contexts whether a plaintiff can accept payment of a final judgment, execute a warrant to satisfy that judgment, and then appeal.

The long-standing general rule was "that when a litigant accepts the benefit awarded . . . by a [final] judgment," that litigant "is precluded from afterward challenging the validity of the conditions by an appeal." In re Mortg. Guar. Corps.' Rehab. Act, 137 N.J. Eq. 193, 198 (E. & A. 1945); see also Krauss v. Krauss, 74 N.J. Eq. 417, 421 (E. & A. 1908) ("[W]here a party recovers a [final] judgment . . . and [then] accepts the benefits thereof . . . , he is estopped to afterwards reverse the [final] judgment . . . on error. The

10

acceptance operates as and may be pleaded as a release of error.").

Applying that principle, the Appellate Division has explained that when one party pays a judgment and the other accepts the money and executes a warrant to satisfy judgment, "[t]he legal effect of what transpires is that a contract is entered into between the parties to terminate the litigation." Sturdivant v. Gen. Brass & Mach. Corp., 115 N.J. Super. 224, 227 (App. Div. 1971). The exchange of payment and signed warrant, in the appellate court's words, reveals that "the parties have recognized the validity of the judgment and have voluntarily entered into a contract to waive or surrender their respective right to appeal." Ibid. (relying on 4 Am. Jur. 2d Appeal & Error § 242 at 737 (1962) ("It has been broadly asserted that any act on the part of a party by which he impliedly recognizes the validity of a judgment against him operates as a waiver of his right to appeal therefrom, or to bring error to reverse it, and clearly one who voluntarily acquiesces in or ratifies a judgment against him cannot appeal from it. The acquiescence which prohibits an appeal, or destroys it when taken, is the doing or giving of the thing which the decree commands to be done or given.")).

But in Adolph Gottscho, Inc. v. American Marking Corp., the Court clarified that the issue of appealability is more nuanced. In that case, the defendant appealed from a final judgment entered by the Chancery Division,

11

and the plaintiff filed a cross-appeal. 26 N.J. 229, 232 (1958). While those appeals were pending, the defendant paid the final judgment and thereafter received a warrant to satisfy judgment. Id. at 241-42. The plaintiff's pending cross-appeal continued, which "was explicitly confined to [a] single issue." Id. at 242.

After considering the defendant's contention that the cross-appeal had been mooted by the plaintiff's acceptance of the judgment, the Court disagreed and concluded that the appeal was "maintainable." Id. at 241-42. The Court stressed that "the single issue" presented on appeal "could serve to increase but not to reduce the amount of the judgment." Id. at 242 (emphasis added). That distinction was significant, the Court noted, because "[t]he plaintiff's acceptance of the sum found by the trial court to be due, and its delivery of the warrant of satisfaction while it at all times continued to assert that an additional sum was due, was in nowise inconsistent and furnished no real basis for an estoppel." Ibid. In other words, the Court clarified that a party is not estopped from appealing a separable issue, even when a party accepts the benefits of a final judgment, if the only issue raised on appeal would increase the benefit awarded to the party appealing, but not impact the accepted, underlying final judgment. Ibid.

But the Gottscho Court highlighted the factual timeline as well: the plaintiff in Gottscho made known its intent to cross-appeal prior to accepting the judgment "while it at all times continued to assert that an additional sum was due." Ibid. And the Court explained that its "conclusion that the cross-appeal was maintainable is buttressed by the many decisions elsewhere which recognize the right of a party to accept a sum to which he is in any event entitled and still pursue his request for a legal ruling on appeal which would increase that sum." Ibid. (emphasis added). The language "still pursue" likewise suggests a challenge brought prior to the acceptance of judgment rather than after.

One of the many decisions cited by Gottscho, which illuminated what is meant by "increase" the underlying judgment, is Bass v. Ring, 299 N.W. 679 (Minn. 1941). In Bass, the Supreme Court of Minnesota explained that

> "where the reversal of a judgment cannot possibly affect an appellant's right to the benefit secured under a judgment, then an appeal may be taken, and will be sustained, despite the fact that the appellant has sought and secured" the benefit which he has already accepted. The reason is that in such a case "it is possible for the appellant to obtain a more favorable judgment in the appellate court without the risk of a less favorable judgment from a new trial of the whole case there or in the lower court." In such posture of the litigation, "the acceptance of what the judgment gives him is not inconsistent with an appeal for the sole purpose of securing, without retrial of the whole case, a decision more advantageous to him."

13

> [299 N.W. at 680 (quoting 2 <u>Am. Jur. Appeal & Error</u> § 215 at 977-78 (1936)).]

<u>See also</u> 169 <u>A.L.R.</u> 980 (1941); <u>Shaffer v. Great Am. Indem. Co.</u>, 147 F.2d 981 (5th Cir. 1945); <u>Bohl v. Bohl</u>, 32 N.W.2d 690 (S.D. 1948); <u>Hayward v. Green</u>, 88 A.2d 806 (Del. 1952).

<u>Corpus Juris Secundum</u>, a national legal encyclopedia, also addresses the issue:

> **A party accepting benefits under a judgment is not precluded from appealing if the parts of the judgment are separable, the party would have been entitled to the benefits in any event, or the appeal is for the purpose of increasing the recovery.**
>
> The right to appeal is not waived or estopped if the controversy is separable, so that accepting the benefit of a favorable part is consistent with an appeal from the adverse part. . . . Thus, a party who has accepted benefits under a judgment is not estopped from appealing for the purpose of increasing the recovery, unless the appeal leaves the appellant at the risk of receiving a less favorable judgment. . . .
>
> On the other hand, an appeal may not be maintained if the appellant has accepted the amount adjudged in full settlement or satisfaction of the claim, the appellant has accepted the judgment debtor's tender of the full amount of the judgment before filing the notice of appeal, the payment was made and accepted on the understanding or agreement that no appeal would be taken, the parts of the judgment are so closely and mutually dependent that an appeal would bring up every part of the judgment, or the controversy was not

14

confined to the allowed counterclaim but rather the entire claim and amount were in dispute.

[4 C.J.S. Appeal & Error § 286 (2024) (footnotes omitted).]

Thus, Gottscho's reference to "increase" includes not only potentially adding to the judgment amount, but also, the issue raised on the appeal must be separable from the underlying final judgment such that prevailing on the appeal cannot possibly affect an appellant's right to the benefit secured under the final judgment by decreasing the amount awarded.

We therefore hold that when a plaintiff accepts a final judgment, that party may still appeal if the party can show that (1) it made its intention to appeal known prior to accepting payment of the final judgment and prior to executing a warrant to satisfy that judgment, and also that (2) prevailing on the appellate issue will not in any way impact the final judgment other than to potentially increase it.[7]

---

[7] The need for a party to make its intention to appeal known prior to accepting payment of the final judgment and prior to executing a warrant to satisfy that judgment is premised in part on the factual timeline in Gottscho. The Gottscho Court did not expressly impose such a requirement; rather, it was self-evident from the facts of that case. Even if we do not apply prong one of our holding here, Brehme's appeal remains moot because she cannot satisfy prong two of our holding.

15

IV.

Application of those legal principles to the facts of this case is straightforward.

A.

As to the first prong, Brehme did not make her intention to appeal known prior to accepting payment of the final judgment and prior to executing a warrant to satisfy that judgment. She accepted payment of the final judgment, her counsel deposited the money into his trust account, and her counsel signed a warrant to satisfy judgment. Three weeks later, Brehme filed her NOA from the final judgment.

Requesting an order that memorialized the evidentiary ruling excluding future medical expenses, which her counsel sought after Brehme accepted payment of the final judgment and after he executed the warrant to satisfy judgment, and informing the judge that Brehme was "attempting to file an appeal," did not help, because it did not express an intent to appeal <u>before accepting payment of the final judgment and before execution of the warrant to satisfy judgment</u>. Making an intent to appeal known includes the requirement that the plaintiff inform the party paying the final judgment (before payment of the final judgment and execution of the warrant to satisfy judgment) that the plaintiff still intends to appeal.

16

A defendant may pay a final judgment for several reasons. The most obvious reason is to end the litigation. Irwin did that here. Final payment and execution of a warrant to satisfy judgment without the other party's knowledge that a plaintiff plans to appeal does not promote finality, efficiency, or fairness. A plaintiff's expression of intent to appeal must be made before accepting payment of the final judgment and before executing the warrant to satisfy judgment in order to best effectuate the purposes that underlie Rule 2:4-1.

Brehme's reliance on Gottscho is misplaced. In that case, the plaintiff cross-appealed before it accepted payment of the final judgment. 26 N.J. at 241-42. The defendant paid that judgment while the plaintiff's cross-appeal was pending. Ibid. Here, the opposite occurred. Irwin's carrier paid the final judgment, Brehme accepted the money, and her counsel executed the warrant to satisfy the judgment before she filed her NOA. And unlike here, the single issue on the plaintiff's cross-appeal in Gottscho was separable from the plaintiff's final judgment. Id. at 242. Prevailing on its isolated appellate issue could not possibly have affected the plaintiff's right to the benefit it secured under its final judgment. Ibid.

That brings us to the second prong.

B.

As to the second prong, prevailing on the evidentiary appellate issue -- whether a plaintiff can admit into evidence future medical expenses in a civil suit even though her PIP limits have not yet been exhausted -- would require vacating the final judgment because a claim for future medical expenses is not separable from seeking compensation for pain and suffering. Thus, even if we concluded that Brehme met prong one, she is unable to show that prevailing on the trial court evidentiary ruling will not impact the final judgment and only potentially increase it.

It is well established that personal injury awards are generally not divisible. Caldwell v. Haynes, 136 N.J. 422, 442 (1994). That is especially true where the evidence of pain and suffering is inextricably linked to evidence of future medical expenses. One jury cannot hear evidence relevant to pain and suffering and another jury hear evidence relevant to future medical expenses. Assuming the admissibility of future medical expenses in this case, the two claims -- pain and suffering and future medical expenses -- would have to be considered simultaneously. Those claims cannot be fairly adjudicated separately.

A jury considers essentially the same factors when deciding whether to award damages for future medical expenses and pain and suffering. For future

18

medical expenses, a jury should consider "the nature, extent, and duration of [a] plaintiff's injury," as well as a plaintiff's age, health before the accident, and how long the jury "reasonably expect[s] the medical expenses to continue." Model Jury Charges (Civil), 8.11(I), "Future Medical Expenses" (approved May 1997). For pain and suffering, a jury should consider "a plaintiff's age, usual activities, occupation, family responsibilities and similar relevant facts in evaluating the probable consequences of any injuries you find [a plaintiff] has suffered." Model Jury Charges (Civil), 8.11(E), "Disability, Impairment and Loss of the Enjoyment of Life, Pain and Suffering" (rev. May 2017). The jury considers "the nature, character and seriousness of any injury, discomfort or disfigurement," and the duration of an injury,

> as any verdict you make must cover the harms and losses suffered . . . since the accident, to the present time, and even into the future if you find that [the] injury and its consequence have continued to the present time or can reasonably be expected to continue into the future.
>
> [Ibid.]

A subsequent jury's consideration of the factors to determine future medical expenses may impact the final judgment in this case because the earlier jury already considered those same factors when deciding how much to award Brehme for pain and suffering. And because Brehme did not receive treatment for three years, it is possible that a subsequent jury could consider

19

the evidence differently to find that she is entitled to less damages. It is not guaranteed that the issue of future medical expenses will only increase the sum the jury awarded to Brehme. See, e.g., Gottscho, 26 N.J. at 242. Thus, the evidentiary issue raised on this appeal is not separable from the underlying final judgment, and Brehme cannot show it will only increase the final judgment.

Because Brehme cannot show either that she expressed her intention to appeal before accepting payment of the final judgment and before her counsel executed the warrant to satisfy the judgment or that the appeal will not impact the final judgment other than to increase it, Brehme's appeal cannot proceed. For that reason, any decision rendered can have no effect on the outcome of the case. See Compressor Station, 258 N.J. at 327. Accordingly, her appeal was properly dismissed as moot.

We refer this opinion to the Civil Practice Committee to assess whether to clarify Rule 4:48-1 in light of the principles outlined above.

V.

The judgment of the Appellate Division is affirmed.

CHIEF JUSTICE RABNER and JUSTICES PATTERSON, PIERRE-LOUIS, WAINER APTER, NORIEGA, and HOFFMAN join in JUSTICE FASCIALE's opinion.

20